[L. A. No. 785.   Department Two. — April 15, 1901.]

## L. B. COHN, Respondent, v. WILLIAM J. KELLY, Appellant.

ACTION TO QUIET TITLE — ANSWER — FRAUDULENT PROCUREMENT OF DEED — RESCISSION — CROSS-COMPLAINT — JUDGMENT UPON PLEADINGS. — In an action to quiet title, an answer which, in addition to denying the plaintiff's title, avers fraud in the procurement of the plaintiff's deed, and asks for a rescission thereof, is not in the nature of a cross-complaint as to such fraud, but is deemed controverted, and is not admitted by failure of the plaintiff to deny the alleged fraud; and the defendant is not entitled to a judgment upon the pleadings.

ID. — SUFFICIENCY OF FINDINGS — GENERAL FINDING — NEGATION OF FRAUD. — Where the court found generally that all and singular the allegations of the complaint are true, and the allegations of the answer are false, and made a specific finding negativing the allegations therein of fraud and conspiracy alleged, which is supported by the evidence, the absence of other specific findings is immaterial, and the right of rescission asked for is sufficiently negatived.

APPEAL from a judgment of the Superior Court of Los Angeles County.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

D. P. Hatch, for Respondent.

HENSHAW, J.—This was an action to quiet title. Defendant answered, denying the title of plaintiff to the property in controversy, and then, "for a further and separate answer and defense to said cause of action set out in plaintiff's complaint," alleged fraud in the procurement of plaintiff's deed. At the conclusion of the evidence offered by plaintiff upon the trial, defendant moved for a nonsuit, urging, as he here urges, that his separate defense was in reality a cross-complaint; that plaintiff's failure to answer it as a cross-complaint was equivalent to his admission that the matters set up were true; and, consequently, that he was entitled to a judgment against plaintiff upon the pleadings. This proposition, however, has been repeatedly advanced, and as repeatedly answered against the contention of defendant. (*Brannan* v. *Paty*, 58 Cal. 330;

*Shain* v. *Belvin,* 79 Cal. 262; *Goldman* v. *Bashore,* 80 Cal. 146; *Carpenter* v. *Hewel,* 67 Cal. 589; *Doyle* v. *Franklin,* 40 Cal. 106.)

Complaint is further made that the findings do not cover all the material issues, but this complaint is also unfounded. In the first place, there is an omnibus finding that all and singular the allegations of plaintiff's complaint are true, and the allegations of defendant's answer are false; but, in addition to this, the findings specifically negative the charge of fraud and conspiracy which was the basis of the separate defense, and these findings are supported by the evidence. In view of this fact, the absence of other findings becomes immaterial, since if defendant was not defrauded as he alleges, he had no right to ask a rescission.

The judgment appealed from is therefore affirmed.

McFarland, J., and Temple, J., concurred.