### HEYERT v. REUBMAN.

(Supreme Court, Appellate Term. February 23, 1904.)

1. EVIDENCE—REFRESHING MEMORY.

In an action for conversion of household furniture it was competent for plaintiff to read from a written list of articles after having testified that without the list he could not testify to the articles named therein, but that it so refreshed his memory as to enable him to state what articles were taken.

2. HUSBAND AND WIFE—AUTHORITY OF WIFE.

A wife has no authority to authorize a third person to enter her husband's dwelling and remove his furniture.

3. CONVERSION—DEMAND.

Where possession of personalty is wrongfully taken, no demand for its return is necessary in order to maintain conversion.

4. SAME—JUSTIFICATION.

Where a father took possession of his son-in-law's furniture without the latter's consent, the fact that he did so because of trouble between the son-in-law and his wife, and to protect the latter from supposed ill-treatment, was no justification.

5. SAME—INSTRUCTIONS.

In conversion by a son-in-law against his father-in-law, based on the latter's wrongfully taking possession of the furniture of the former, the

¶ 2. See Husband and Wife, vol. 26, Cent. Dig. § 139.

ownership of the property was admitted to be in plaintiff, and defendant attempted to justify on the ground that the furniture was taken because of trouble between the son-in-law and his wife. The court charged that the jury might consider the facts touching the difference between the parties as to their family relations in ascertaining on which side the truth lay. *Held* more favorable to defendant than he was entitled to.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Abraham H. Heyert against Loeb Reubman. From judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

Marks Wolff, for appellant.

Benjamin Reass, for respondent.

FREEDMAN, P. J. This action was conversion of a quantity of household furniture belonging to the plaintiff. Plaintiff is a son-in-law of the defendant, and it appears that on January 17, 1903, all the furniture in plaintiff's rooms was removed therefrom without his consent, and he charges the defendant with the wrongful taking. The case was tried by a jury, and the plaintiff obtained a judgment for $200. The aggregate value of the furniture taken, as testified to by plaintiff, was $677. That the plaintiff was the owner of the furniture was undisputed. The plaintiff qualified himself to testify as to the value of the goods, and most of his testimony upon that question was given without objection. He was permitted to read from a written list of articles, but only after he had sworn that without such writing he could not testify to the several articles named therein, and that by the use of such memorandum it so refreshed his memory as to enable him to state what furniture he had that was taken. His testimony was therefore competent, and it was uncontradicted.

Plaintiff testified that on his return to his home on January 17, 1903, he found the door locked; that he forced his way in; that immediately thereafter the defendant and several others came, and forced him out by threats of personal violence, and that he went away. Later, upon returning to his premises, he found all the furniture gone. His wife testifies that her father came to her home, and told her to go to his house, and that he would take the furniture, which he did. She further testifies that she did not give her consent to such removal, and that defendant caused it to be removed to a place where defendant stored it, subsequently selling a portion of it to different members of her family. The defendant's version of the transaction is that plaintiff's wife came to his house, and asked her brother to take the things away, and saying she had had trouble with her husband; that he (defendant) sent for an expressman; and says, "We took the furniture and left it at 29 Ludlow street. I paid $2 per week storage." He claims that the portions of the furniture that were sold were sold by the wife. This the wife disputed. A brother of the plaintiff's wife testified that he "saw everything. * * * We would not let him [plaintiff] in after he broke that door. * * * She [plaintiff's wife] told me that night that for fear he [plaintiff] was

going to take the furniture away and she would be left out in the cold, * * * 'you better go home and tell papa to get the expressman and take the furniture before he gets it.' I went home and got my father. My brother-in-law Samuel Aronisfsky got an expressman." I fail to see how the verdict of the jury can be disturbed. We may infer that plaintiff and his wife had trouble. The plaintiff's ownership of the property, however, and the defendant's exercise of dominion and control over it, is undisputed, as is its value. Clearly, the wife had no authority, express or implied, to authorize the defendant to enter plaintiff's home and take possession of the property and remove it, if we should assume—which we cannot, from the testimony—that the wife gave him permission to do this (which she denies), and her testimony was believed by the jury. Plaintiff and his wife both testify to having made a demand on the defendant for the return of the property taken by him, which was refused. As the taking was wrongful, no demand was necessary. That the defendant was actuated solely by a desire to protect his daughter from real or fancied ill treatment by her husband is no legal justification for his invasion of the property rights of the plaintiff. The court charged the jury, in substance, that they might take into consideration the "facts touching the difference between the parties as to their family relations" in their efforts to ascertain with which side the truth lay. The charge, in view of the fact that the plaintiff showed a clear right to recover, no matter what his family relations were, was a much more favorable charge than the defendant was entitled to.

The judgment should be affirmed, with costs. All concur.