[Civ. No. 1331.   Second Appellate District.—June 3, 1913.]

CLARENCE P. BAXTER, Respondent, v. RIVERSIDE PORTLAND CEMENT COMPANY (a Corporation), Defendant and Appellant; RIVERSIDE ARLINGTON STREET RAILWAY CO. (a Corporation), Defendant.

MASTER AND SERVANT—ACTION BY EMPLOYEE FOR PERSONAL INJURIES.— AMENDMENT OF ANSWER.—In an action by an employee against his employer to recover for personal injuries, the refusal of leave to amend the answer so as to allege assumption of risk, is not ground for reversal, when the request is made at the trial, either before the jury is impaneled or after the evidence is submitted, three months after the filing of the answer, and no reason is assigned for omitting to set up such defense, and evidence is admitted and the jury is instructed on the issue of assumption of risk.

ID.—AMENDMENT OF PLEADING—NECESSITY OF SHOWING.—Although courts are liberal in allowing amendments to pleadings, they should require that some showing be made to justify the exercise of their discretionary power.

ID.—SAFE PLACE FOR SWITCHMAN TO WORK—COLLISION BETWEEN ENGINE AND BRIDGE.—In this action for personal injuries received by the plaintiff while a switchman in the defendant's employ, from being thrown from the footboard of an engine on which he was riding, by the board striking a cement bridge, the evidence establishes that the defendant not only provided an unsafe place for work, but that the plaintiff was justified in continuing his employment and cannot be said to have understood or appreciated any danger as incident thereto.

ID.—RAILWAY TIES—CROSS-EXAMINATION AS TO CONDITION.—In an action by an employee for injuries occasioned by defective ties in

a track, it is proper cross-examination, where a witness for the defense has testified that the ties were sound, to ask him if certain ties were not the ones under the track when the accident happened.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order refusing a new trial.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Gurney E. Newlin, C. L. McFarland, and Roy V. Reppy, for Appellant.

Crouch & Crouch, for Respondent.

ALLEN, P. J.—The action was on account of personal injuries claimed by plaintiff, an employee of appellant, to have been occasioned through appellant's negligence.   The complaint was filed on January 6, 1911.   On February 1st following defendant Riverside Portland Cement Company filed its answer, in which it denied all of the allegations with reference to negligence and pleaded contributory negligence on the part of plaintiff.   The cause came on for trial April 26, 1911. Before the jury was impaneled, defendant Riverside Portland Cement Company asked leave of the court to file an amendment to its answer, setting forth facts showing an assumption of risk.   The court refused this leave and the cause proceeded to trial.   After all of the evidence had been submitted, defendant again asked leave to amend its answer in the same manner as before proposed, in order that the pleadings might conform to the proof, and in connection with such request filed an affidavit to the effect that defendant did not know when it filed its original answer that the defense of assumption of risk was available, and did not learn the facts connected therewith until its attorney, on April 24th, saw a certain deposition of plaintiff wherein evidence had been given by plaintiff tending to establish that plaintiff had assumed the risk of the injury sustained by him.   This leave to amend was also denied.   The jury returned its answers to certain special interrogatories hereinafter referred to, together with a general verdict in plaintiff's favor, and from the judgment

pronounced upon said verdict, and from an order denying a new trial, defendant prosecutes this appeal.

It is appellant's primary contention that the court erred in refusing leave to amend the answer before trial in the respect requested. Courts are and should be liberal in the allowance of amendments, to the end that the cause may be properly presented, and in many cases it has been held to be an abuse of discretion to refuse appropriate amendments through which parties might avail themselves of causes of action or defenses not properly presented by the pleadings; but courts universally require, and should require, that some showing be made which would justify the exercise of such discretionary power. In the case under consideration, when the request to amend in the first instance was made, no reason was assigned why the omission to make all of the defenses available had occurred. Nearly three months had elapsed from the filing of the answer to the time of the trial, and, without any showing, it cannot well be said that the court improperly exercised its discretionary power. When the second request was made at the conclusion of the evidence there was little necessity for such an amendment, for the record not only shows, but the motion admits, that the parties had been permitted to go into and had tried the question involved in the assumption of risk, treating it as an issue; and, in addition, at defendant's instance, the jury were instructed fully and completely upon the matter of assumption of risk, and were told that in performing the labor at which plaintiff was working at the time he received the injuries complained of plaintiff assumed the risk of danger from all injuries incident to said work which was apparent and was appreciated by him, or would have been apparent to and appreciated by an ordinarily careful and prudent person; that an employer is not bound to indemnify for losses suffered in consequence of the ordinary risks of the business in which he is employed, and that if they believed the injuries were sustained in consequence of the ordinary risks of the business there was no obligation on the part of defendant to indemnify for said injuries. Further, that if the danger in performing the labor was apparent to and appreciated by plaintiff, or would have been apparent to and appreciated by an ordinarily careful and prudent person, and such danger contributed directly or proximately to the injury,

that plaintiff cannot recover therefor. And in numerous in-
structions the court carefully and fully, at defendant's in-
stance, instructed the jury as to the law involved in the matter
of the assumption of risk. It will thus be seen that all parties
and the court recognized that the issue of assumption of risk
was involved. The case was tried upon that theory, and there
is nothing in the record tending in the least to show that de-
fendant was prevented from presenting any facts connected
with the assumption of risk, or that any charge refused was
not in general terms given and covered by those instructions
given by the court. No prejudice can therefore be said to
have resulted, even applying to its fullest extent the rule with
reference to amendments.

It is claimed, however, by appellant that the evidence intro-
duced establishes plaintiff's full understanding, comprehen-
sion, and appreciation of the dangers incident to the work,
and therefore the assumption of risk necessarily followed; in
other words, appellant challenges the accuracy of the answers
to certain of the special interrogatories. The interrogatories
before mentioned, propounded at defendant's instance, with
the answers returned, are in these words:

"1. Would a man of ordinary prudence and intelligence
have worked in the place where plaintiff was working at the
time of the accident? Answer. Yes.

"2. At the time of the accident did the plaintiff know the
unsafe condition of the place where he was working at the
time of the accident? Answer. No.

"3. Previous to the accident, did the plaintiff fully under-
stand, comprehend and appreciate the dangers incident to
working at the place where he was working at the time he was
injured? Answer. No.

"4. At the time of the accident did the plaintiff fully
understand, comprehend and appreciate the dangers incident
to working at the place where he was working at the time he
was injured? Answer. No.

"5. Did the defendant Riverside Portland Cement Com-
pany promise to remedy the defect in the place where plaintiff
was working at the time he was injured? Answer. No.

"6. Did any employee of defendant Riverside Portland
Cement Company charged with performance of that duty,

promise to remedy the defect in the place where plaintiff was working at the time he was injured?   Answer.  No.''

We think there is evidence to be found in the record sufficient to support the special as well as the general verdict. Plaintiff was a switchman in defendant's employ.  On the night of September 7, 1910, and while plaintiff was so employed, it became part of his duty to ride upon a certain foot-board attached to a certain switch engine of the appellant, which engine then and there was attempted to be operated upon a track immediately contiguous to a cement bridge constructed by third parties, the engine upon appellant's road at the time running forward.  In passing this bridge the foot-board of the engine caught thereon and plaintiff was thrown in front of the engine and injured.  Ten days before the accident, when the engine was backing alongside of the bridge, the foot-board rubbed against the bridge, and immediately a report was made by a superior of plaintiff's to those connected with defendant's road whose duty it was to. repair, to the effect that ''the foot-board was too long and if not cut off they would not have any foot-board.''  Plaintiff knew generally what this report contained; notwithstanding which report no repairs were made, but the engine was continued in use, running by the bridge in the usual way. It appears that immediately after this report was made plaintiff and the others connected with the operation of the engine, ran the engine by the bridge slowly and observed its effect, and found that no contact resulted between the bridge and the foot-board, and thereafter the engine was repeatedly operated alongside the bridge and the foot-board did not collide therewith, although plaintiff and other employees were carefully noting the effect of the operation under such circumstances.  The foot-board never rubbed the bridge again until the night of the accident, nor at any other time when the engine was running forward.  There is evidence that as a result of these experiments plaintiff did not appreciate any further danger by reason of the foot-board striking the bridge, and continued his work knowing that the repairs had not been made.  We think it is established that defendant not only provided an unsafe place for work, but that plaintiff was justified in continuing his employment under the circumstances,

and cannot be said to have understood or appreciated any danger as incident thereto.

Appellant's final contention is that the court erred in permitting the following question to be propounded to a witness: "Do you know whether or not the pile of ties which is in the Orange Street station-house were the ones which were under the track at the scene of the accident, the night of September 7th?" and, under the objection of defendant, the witness answered that they were the same. One of the theories in support of the claim of negligence, and in reference to which evidence appears, was that the contact between the bridge and the foot-board was occasioned on account of the ties under defendant's road at that point having been permitted to become rotten and unfit for use, and that the weight of the engine upon these defective ties inclined it toward the bridge and as a result the contact occurred. It is claimed by appellant that the admission of this evidence violated the established rule in this state that evidence of subsequent repairs or changes is not admissible to prove negligence. Granting the force of this rule, we think that no error resulted from the ruling of the court. The record shows that immediately preceding this question an attempt was made to show subsequent repairs, which the court refused to permit. The witness was a witness of defendant, who had testified that the ties in use at the bridge were sound, and this question was proper cross-examination as an obvious attempt to show the identity of the ties in the station-house in order to lay the foundation to impeach the statement of the witness as to their sound character. Counsel for plaintiff at the time he asked the question stated that in connection therewith he expected to show the identity of the ties in the station-house as connected with those in use at the time of the accident, and that they were not in good condition. We think that the question was proper and that no prejudicial error resulted. It is not contended by appellant that the evidence is insufficient to establish negligence on defendant's part, except in so far as it was affected by the assumption of risk.

We perceive no error in the record, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 2, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 2, 1913.