[Civ. No. 1709.    Second Appellate District.—March 4, 1916.]

GARA WILLIAMS, Respondent, v. PHEBE A. PARKER et al., Appellants.

PROMISSORY NOTE—PLEDGE OF CORPORATE STOCK—SALE—WAIVER OF NOTICE.—Where a promissory note recites the fact of deposit with the payee of corporate stock as security for the payment of the obligation, and that the latter has the right to call for such additional security as it may deem proper, and on failure to respond forthwith to such call, the obligation shall immediately become due and payable, or the payee, or its assignee, may sell or collect the securities at public or private sale at any time without demand, judgment, or notice, they being expressly waived, a sale at public auction of the security in accordance with the code without notice, is valid; and the contention that the waiver was limited to the condition which might arise on failure of the pledgor to furnish additional security called for, cannot be maintained.

ID.—PLEDGE WITH POWER OF SALE—RIGHT OF PLEDGEE.—While it is true that the relation existing between parties to a transaction where collateral is placed in the hands of the pledgee as security for the payment of a debt, with power of sale in case of default, is in the nature of a trust relation, and that the power must be exercised in good faith, yet, where the pledgee makes the sale in the manner provided by law, and in accordance with the conditions of the contract, and it is not shown that he did, or caused to be done, anything for the purpose of preventing a fair sale, the pledgor has no right to complain.

ID.—NOTE FOR STOCK—AGREEMENT NOT TO SUE—LACK OF ESTOPPEL.—In an action to recover on a promissory note transferred by the corporation payee to another corporation as part payment of cor-

porate stock, the transferee is not estopped from bringing the action by reason of a proposed agreement to dissolve the two corporations, and not to enforce collection of the note which was originally given for stock in the former corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Henry W. Nisbet, and Harriman, Ryckman & Tuttle, for Appellants.

Slosson & Mitchell, for Respondent.

CONREY, P. J.—The defendants appeal from the judgment, and from an order denying their motion for a new trial.

On July 1, 1908, defendant Parker executed in favor of the Merchants and Insurers Reporting Company, a corporation, a so-called promissory note for the principal sum of one thousand dollars, bearing interest, and payable on or before five years after date. The note recited the fact of deposit with the payee of one hundred shares of stock in said corporation as security for the payment of the obligation. It was further provided therein "that the Merchants and Insurers Reporting Company has the right to call for such additional security as it may deem proper, and on failure to respond forthwith to such call, the obligation shall immediately thereon become due and payable; or on the nonperformance of this promise, the said payee, its president, or secretary, or assigns, is and are hereby given full power and authority to sell, assign, and deliver, or collect the whole or any part of the above-named securities, or any substitute therefor, or any addition thereto, at public or private sale, at any time or times hereafter, without demand, advertisement or notice, such demand, advertisement or notice being hereby expressly waived." The defendant Youtz guaranteed the payment of said note by the following indorsement thereon: "Each of the undersigned hereby guarantee payment of the within note, waiving demand, presentment for payment, protest and notice of protest. J. E. Youtz." This note was assigned by the payee to the Bankers Fire Insurance Company,

a corporation, and was thereafter assigned by that corporation to the plaintiff. The assignment to plaintiff was not for a valuable consideration, and was merely for the purpose of collection. After the note became due, and on the fifteenth day of October, 1913, the pledged shares of stock were by the plaintiff sold at public auction, after notice by publication as required by section 3005 of the Civil Code, and without actual notice to the defendants. At that sale the shares of stock were purchased by an attorney of the plaintiff as trustee for the Bankers Fire Insurance Company, paying therefor the sum of one dollar, which was less than the expenses of the sale, and resulted in no payment of any part of the principal or interest due on the note. Immediately after the completion of said sale, notice thereof was served upon each of the defendants, with demand for payment of said sum of one thousand dollars, with the accrued interest thereon, less forty-five dollars interest paid on April 1, 1909. The note was not paid, and this action was commenced on the following day.

The answer pleads full payment of the note, and also alleges that the sale of pledged stock was not in good faith, but was made with the intent, on the part of plaintiff and the Bankers Fire Insurance Company and the purchaser, of defrauding defendants, and depriving them of the stock and the value thereof, which value they alleged was two thousand dollars in the open market. No evidence was produced by the defendants on the subject of the value of the pledged stock, and the court's finding that the sale was made in good faith and for the true value thereof, is sufficiently shown by the evidence proving the manner in which the sale was made. The claim of appellants that the sale was illegal for want of actual notice to the pledgor, is met by the waiver of such notice, which we have quoted from the note. We do not agree with them that the waiver as stated was limited to the condition which might arise upon failure of the pledgor to furnish additional security if called for. Notice having been waived, the sale at public auction in accordance with the code requirements was a valid sale. It is true that the relation existing between parties to a transaction where collateral is placed in the hands of the pledgee as security for the payment of a debt, with power of sale in case of default, is in the nature of a trust relation, and that the power must be exercised in

good faith. But where the pledgee makes the sale in the manner provided by law, and in accordance with the conditions of the contract, and it is not shown that he did, or caused to be done, anything for the purpose of preventing a fair sale, the pledgor has no right to complain. Under such circumstances the pledgee may take the market as he finds it and exercise his power of sale accordingly. (*Hudgens* v. *Chamberlain,* 161 Cal. 710, 715, 716, [120 Pac. 422].)

The Bankers Fire Insurance Company was organized under the laws of the state of Arizona. All of its stock, except three or four shares, was purchased by the Merchants and Insurers Reporting Company for the sum of two hundred thousand dollars, of which five thousand dollars was paid in cash and one hundred and ninety-five thousand dollars was paid by transferring to the Bankers Fire Insurance Company notes in that aggregate amount which had been executed to the Merchants and Insurers Reporting Company in consideration of purchases of its stock; the note in suit being included among them. On the twelfth day of July, 1913, a few days after this note became due, there was held an adjourned session of an annual meeting of stockholders of the Merchants and Insurers Reporting Company. There were present at that meeting two of the three directors of the Bankers Fire Insurance Company, and there was some discussion relating to both corporations, in the course of which the two directors of the Arizona corporation and a stockholder of the Merchants and Insurers Reporting Company, who, at that time, was about to be elected as a director of the last-named corporation, expressed views favorable to the making of some arrangement by which both corporations would be dissolved. One of the directors elected at that time stated that if so elected he would pledge himself to bring about the dissolution of these two corporations, and not undertake to enforce the collection of the notes maturing on July 1, 1913. This fact is stated in the testimony of defendant Parker and is not contradicted. Neither is her statement, "that the other directors elected at that time practically agreed to the same thing," contradicted by anything in the record. Defendant Parker testified that from those statements, and what occurred at that meeting, she believed that no attempt or effort would be made to collect her note, and that she therefore took no steps to protect herself on the note or her stock pledged as security therefor;

that she had no knowledge that payment of her note was desired by the holder until after her stock was sold, and had no knowledge that it was to be sold.

Upon the foregoing facts it is urged that the defendants have 'established an equitable estoppel which should be sufficient to prevent any recovery on the note in this action. For various reasons there is no merit in this defense. As we have shown, the value of the shares of stock, so far as proved herein, was trivial. The owner of the note had the legal right to sue on it, even without any attempt to realize on the security. If the board of directors of the Bankers Fire Insurance Company had formally resolved that it would not bring suit on this note, that would not have been a defense to the action, since there was no consideration passing to it for its forbearance. (*Peachy* v. *Witter*, 131 Cal. 316, [63 Pac. 468].) Much less can the right of action be denied merely because stockholders and proposed directors in the Merchants and Insurers Reporting Company, and directors of the Bankers Fire Insurance Company, speaking individually for themselves, favored corporate action to be taken by the former corporation for the purpose of controlling the action of the Bankers Fire Insurance Company in the matter of collection of notes owned by the latter company. There is no evidence that the defendants were able, ready, or willing to pay this note under any circumstances, or at all. Even if it should be conceded that under the circumstances the sale was wrongful, the damage accruing would be as for a conversion, which should have been pleaded by way of counterclaim, and such right of counterclaim would have existed in favor of defendant Parker alone, the defendant, Youtz, being not concerned therein. Facts constituting the basis for a counterclaim must be pleaded as a counterclaim, or the counterclaim will not be available to the defendant. (*Cohn* v. *Kelly*, 132 Cal. 468, [64 Pac. 709] ; Ann. Cas. 1913A, 1079, note.)

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.