[L. A. No. 4135.   Department One.—April 11, 1918.]

## GARA WILLIAMS, Respondent, v. J. E. YOUTZ, Appellant.

PROMISSORY NOTES—PLEDGE OF STOCK—SALE WITHOUT DEMAND OR NOTICE.—In a clause in promissory notes, secured by a pledge of stock, giving the holder the right to call for additional security, and providing that on failure to respond the notes should immediately become due and payable, or on the nonperformance of "this promise" the payee should have full power to sell the security at public or private sale without demand or notice, the provision for sale without demand or notice referred not only to a failure of the maker to respond to a call for additional security but also to any nonperformance of the maker's promise embodied in the notes.

PLEADINGS—AMENDMENT OF ANSWER—REFUSAL OF PERMISSION AT TRIAL—DISCRETION OF COURT.—There is no abuse of discretion of the trial court in refusing permission to a defendant to amend his answer, where the application is made on the day of the trial, five months after the filing of the original answer, and the matters proposed to be set up in the amended answer are utterly inconsistent with the averments of the original answer, were known to the defendant at the time his original answer was filed, no showing being made why they were not embraced in the original answer, or why the application for permission to amend was not made earlier, and the matters hardly constituting a defense to the action.

CORPORATIONS—AGREEMENT EXECUTED BY MANAGER.—On the trial of an action on certain promissory notes of which a corporation was payee, evidence was properly excluded of a purported agreement by the corporation for the employment of the defendant for a term of years

at a salary which was to be applied to the payment of the notes, the agreement being signed by the manager of the corporation, without the corporate seal, there being no showing what the manager's powers were, or that he had ever been authorized to enter into the agreement, which was outside the usual course of business of the corporation, and far beyond the ordinary powers reposed in managers of such institutions.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Harriman, Ryckman & Tuttle, and Henry W. Nisbet, for Appellant.

Slosson & Mitchell, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor and from an order denying defendant's motion for a new trial. The action is one to recover a balance alleged to be due upon eleven promissory notes, each for the sum of one thousand dollars, executed in the course of a single transaction by the plaintiff and each secured by a pledge of certain stock. Each of said notes contained the following provision: "That the Merchants and Insurers Reporting Company, has the right to call for such additional security as it may deem proper, and on failure to respond forthwith to such call this obligation shall immediately thereon become due and payable; or on the nonperformance of this promise, the said payee, its president or secretary, or assigns, is and are hereby given full power and authority to sell, assign, and deliver or collect the whole or any part of the above named securities, or any substitute therefor, or any addition thereto, at public or private sale, at any time or times hereafter, without demand, advertisement or notice, such demand, advertisement and notice being hereby expressly waived." The defendant failed to pay his notes at their maturity, whereupon the stock so pledged as security was sold without demand or notice and the sums realized at such sale applied upon the notes. This is an action to recover the balance still remaining due thereon.

Upon the trial of the cause the defendant insisted, and here insists, that the above-quoted clause in his said notes providing for the sale of their security without demand or notice had reference solely to the provisions therein relative to the failure of the maker to respond to a call from the holder of the notes for additional security, and did not refer to or include any failure on the part of the maker of the note to fulfill his promise to pay the same. There is no merit in this contention. The language of the above proviso is unequivocal, and refers directly to any nonperformance of the maker's promise as embodied in the terms of his notes. The sale of the stock pledged for the performance of his said promise was therefore properly made without demand or notice in accordance with the express terms of the waiver above set forth. This precise question was determined in accordance with these views in the case of *Williams* v. *Parker*, 30 Cal. App. 71, [157 Pac. 550], arising out of this same transaction and wherein this identical waiver was the subject of review.

The appellant's next contention is that the court erred in refusing to permit the defendant to make an amendment to his answer on the day the cause was set for trial. The action was commenced on August 21, 1913. The defendant's original answer in the case was filed on October 6, 1913. The case came on for trial on March 10, 1914, more than five months after the date of the filing of defendant's original answer. In his said answer the defendant had denied specifically the averments of the plaintiff's complaint and had also pleaded payment of the notes sued upon in full. The proposed amendment to his said answer embraced matter alleged to have occurred prior to the inception of the action or the filing of his answer therein, which matter in itself could hardly be said to constitute a defense to the action, since it related to statements of stockholders of the corporation holding said notes made generally in a stockholders' meeting of said corporation, and not embodied in any resolutions or other formal action, to the effect that they did not desire that proceedings should be taken to enforce the collection of said notes. The defendant was himself present at such meeting, and every fact and thing alleged to have occurred thereat were fully known to him at the time his original answer was filed; besides, the matters as set forth

in his proposed amendment to his answer were utterly inconsistent with the averments of his original answer to the effect that said notes had been by the defendant fully paid. Granting the correctness of the rule invoked by the appellant as to the liberality with which courts should admit pleadings to be amended, we are unable to find any abuse of discretion on the part of the trial court in refusing defendant permission to amend his answer on the day of trial as to the matters above set forth. The cases of *Manha* v. *Union Fertilizer Co.,* 151 Cal. 581, [91 Pac. 393], and *Todhunter* v. *Klemmer,* 134 Cal. 60, [66 Pac. 75], are fully in point as sustaining the discretion of the trial court in refusing to allow the defendant to amend his answer in the absence of any showing why the matters sought to be brought into it at that late date were not embraced in the original answer or why the application to amend was not earlier made.

The next contention on the part of appellant is that the trial court erred in its refusal to permit the introduction in evidence of a purported agreement between the defendant and the corporation holding his notes providing for his employment for a term of ten years at a stated salary which was to be applied to the payment of his notes. The agreement in question was signed by the manager of said corporation. The seal of the corporation was not attached, nor was there any showing or attempt at showing what the powers of the manager of the corporation were or that he had ever been authorized by resolution or otherwise to enter into the agreement in question. The agreement itself was outside the usual course of business of like corporations and went far beyond the ordinary powers reposed in managers of such institutions. The objection that no proper foundation had been laid for the admission of the agreement in evidence was therefore well taken, and no error was committed by the trial court in sustaining the same.

The appellant's final point that the judgment is unsupported by the findings we find upon an examination of the record entirely without merit.

Judgment and order affirmed.

Sloss, J., and Shaw, J., concurred.