[Civ. No. 2997. First Appellate District, Division One.—September 2, 1919.]

ROGERS BROTHERS COMPANY et al., Respondents, v. JOHN H. BECK et al., Appellants.

[1] STREET LAW—ACTION TO FORECLOSE LIEN—ADMISSION OF ASSESSMENT, DIAGRAM, AND WARRANT—SUFFICIENCY OF FOUNDATION.—In an action to establish and foreclose the lien of a street assessment, the production of a witness who testified that he was one of the employees of the city clerk of the city in which said street improvement had been done, and who in that capacity produced and fully identified the records containing the assessment, warrant, and diagram of the street superintendent of the city, and further testified that these were to his knowledge part of the official records of said street superintendent's office, and that they were kept in the city clerk's office, was sufficient to furnish the requisite foundation for the introduction in evidence of such records.

[2] ID.—ALLEGATION OF CORPORATE EXISTENCE — INSUFFICIENT DENIAL — PROOF UNNECESSARY.—In such action, the plaintiffs having alleged that they were corporations duly organized and existing under and by virtue of the laws of the state of California, the denial of such allegation based on the want of information and belief upon the subject was insufficient and amounted to an admission of the alleged fact; hence no evidence was required to prove such averment.

[3] ID.—REFUSAL OF LEAVE TO AMEND ANSWER — DISCRETION NOT ABUSED.—In such action, it was not an abuse of discretion to refuse the defendants leave to file an amended answer during the progress of the trial of the case, and more than ten months after the filing of their answer, where no sufficient reason was given for the delay.

[4] ID.—APPEAL — INSUFFICIENT RECORD.—Where leave to file an amended answer during the progress of the trial of a case is refused, but the record on appeal does not contain a copy of the proposed amended answer, the appellate court has no means of knowing its contents, and hence cannot determine whether or not the trial court should in any event have permitted it to be filed, nor whether its refusal to do so was error.

[5] ID.—UNFAIRNESS AND FRAUD IN DOING WORK — PLEADING — EVIDENCE.—Where, in an action to establish and foreclose the lien of a street assessment, the only unfairness or fraud alleged in the answer of the defendants related solely to the progress of the work and had reference to matters which were properly the subject of correction by appeal to the city council, whose decision, in the absence of fraud on the part of said council or its mem-

bers in the hearing of said appeal or the rendition of such decision, is final and conclusive upon the parties entitled to take said appeal, the court did not commit error in sustaining the plaintiffs' objection to questions or proofs offered by the defendants in an endeavor to show fraud in the doing of the public work upon which the assessment in question was predicated.

APPEAL from a judgment of the Superior Court of Imperial County. W. H. Thomas, Judge, Presiding. Affirmed.

The facts are stated in the opinion of the court.

James E. O'Keefe and C. H. Van Winkle for Appellants.

Crouch & Crouch for Respondents.

RICHARDS, J.—This appeal is from a judgment based upon a verdict in the plaintiffs' favor in an action to establish and foreclose the lien of a street assessment.

The appellants make several points upon appeal. [1] The first of these consists in their contention that the trial court erred in overruling their objection to the introduction in evidence of the assessment, diagram, and warrant of the street superintendent upon the ground that no proper foundation had been laid for their introduction. The plaintiffs have produced a witness who testified that he was one of the employees of the city clerk of the city of Imperial, in which said street improvement work had been done, and who in that capacity produced and fully identified the records containing the assessment, warrant, and diagram of the street superintendent of the city, and who further testified that these were to his knowledge part of the official records of said street superintendent's office, and that the said records were kept in the city clerk's office. This testimony was entirely sufficient to furnish the requisite foundation for the introduction in evidence of these records. It is not necessary for the legal custodian of a public record in every case to be present in court to identify it. This may be done by any witness who can speak from his own knowledge in identifying the documents as the official records of the office from which they are produced, as such, and hence the ruling of the court was proper in admitting the assessment, diagram, and warrant in question in evidence.

[2]  The next contention of appellants requiring attention is that the offered proof of the fact that the plaintiffs, Rogers Bros. Company and O. & C. Construction Company, were corporations was insufficient, but this objection is without merit, for the reason that the corporate existence and character of these two plaintiffs were alleged to be that of corporations organized and existing under and by virtue of the laws of the state of California. The defendants' denial of these averments was based on the want of information and belief upon the subject. This was an insufficient denial, and amounted to an admission of the alleged fact; hence no evidence was required to prove these averments of the plaintiffs' complaint. (*Bartlett Estate Co. v. Fraser,* 11 Cal. App. 373, [105 Pac. 130]; *Mulcahy* v. *Buckley,* 100 Cal. 487, [35 Pac. 144]; *Mullally* v. *Townsend,* 119 Cal. 47, [50 Pac. 1066].)

[3]  The next contention of the appellants is that the trial court committed an abuse of discretion in refusing the defendants leave to file an amended answer during the progress of the trial of the case. This action was commenced on January 3, 1915; the answer of the defendants was filed on March 5, 1915; the cause came on for trial on January 17, 1916. The amended answer was not proffered for filing until the trial of the cause had proceeded up to the point where the plaintiffs had fully put in their case. No sufficient reason was given for the defendants' delay in seeking to amend their answer, and this of itself would have been a sufficient ground for the court's refusal to permit the same to be filed.  [4] But aside from this, the record herein does not embrace a copy of the proposed amended answer, and this court has no means of knowing its contents, and hence cannot determine whether or not the trial court should in any event have permitted it to be filed, nor whether its refusal to do so was error.

[5]  The next contention of the appellants is that the trial court was in error in sustaining the objection of the plaintiffs to questions asked or proofs offered by the defendants in an endeavor to show fraud in the doing of the public work upon which the assessment in question is predicated. In so far as these questions asked or proof offered were based upon the averments of the original answer of the defendants herein we are satisfied that no foundation is therein laid for the introduction of such evidence, since the only unfairness or

fraud therein alleged relates solely to the progress of the work, and has reference to matters which are properly the subject of correction by appeal to the city council, whose decision, in the absence of fraud on the part of said council or its members in the hearing of said appeal or the rendition of such decision, is final and conclusive upon the parties entitled to take said appeal. (*Girvin* v. *Simon*, 116 Cal. 604, [48 Pac. 720]; *McLaughlin* v. *Knobloch*, 161 Cal. 676, [120 Pac. 27]; *Lambert* v. *Bates*, 137 Cal. 676, [70 Pac. 777].)

In so far as the appellants' contention as to the existence of fraud on the part of the city council or its members in the hearing or determination of said appeal is concerned, it may be stated that possibly such an issue was presented by the amended answer which the defendants vainly sought to file; but since the said amended answer has not been embraced in the record before us, we are unable to say whether such an issue was so tendered, and hence cannot determine whether the court was in error in its refusal to admit such offered proofs.

No question being presented, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.