[Civ. No. 3128. Second Appellate District, Division One.—June 26, 1920.]

## GEORGE F. MOHN, Appellant, v. CHARLES E. SUMNER, Respondent.

[1] TRESPASS—REMOVAL OF HUSBAND'S PROPERTY—PARTICIPATION BY DEFENDANT—EVIDENCE—FINDING.—In this action by the husband for damages for trespass alleged to have been committed by the attorney for the wife by wrongfully taking and removing from plaintiff's house the furniture of the plaintiff and all of his personal property therein, the evidence was not sufficient to sustain the finding of the trial court that the defendant did not at all remove any of the plaintiff's goods and chattels from said house.

[2] ID.—REMOVAL OF HUSBAND'S PROPERTY BY WIFE'S ATTORNEY— LIABILITY FOR DAMAGE.—In such action, plaintiff having proved that the property was his separate personal property left by him at his place of residence, and that during his absence it was taken away without his consent or knowledge, defendant having actively participated in the act of removal of the goods, plaintiff was entitled to recover compensation for the damage resulting therefrom, unless by other evidence defendant was able to prove that his acts in the premises were not wrongful..

[3] ID.—MARITAL DIFFICULTIES OF PLAINTIFF AND WIFE—IRRELEVANT EVIDENCE.—In such an action, the liability of the defendant arises from his acts wherein he took part in the removal of the property and not from any advice given by him to the wife as a counselor or attorney at law and, therefore, it is error to permit the defendant and other witnesses, over plaintiff's objections, to testify to numerous statements made by the wife to the defendant concerning her difficulties with the plaintiff and the circumstances of his absence from home, upon which statements of fact the defendant based his advice to the wife.

[4] ID. — FITNESS OF PLACE OF ABODE — EVIDENCE — PRESUMPTION — DUTY OF WIFE.—In such an action, in the absence of evidence that the place and mode of living established by the plaintiff were either unreasonable or grossly unfit, the court must assume, in view of the provisions of sections 103 and 104 of the Civil Code, that the wife was under obligation to remain in the home so established, or to leave her husband's property there if she chose to go away.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Reversed.

The facts are stated in the opinion of the court.

W. R. Andrews and Iverson L. Harris for Appellant.

Wright & McKee for Respondent.

CONREY, P. J.—Action to recover damages for a trespass alleged to have been committed by the defendant by wrongfully taking and removing from plaintiff's house the furniture of the plaintiff and all of his personal property therein. From the judgment entered in favor of the defendant, the plaintiff appeals.

[1] The court found that it was not true that the defendant wrongfully or at all removed from the plaintiff's house and domicile plaintiff's goods and chattels contained therein. It is shown by undisputed evidence that on the fourth day of February, 1918, and for several years prior thereto, the plaintiff had resided with his wife in a house rented by him and known as "North House" on the "Point Loma Homestead Grounds," in the city of San Diego; that in the latter part of the year 1917, and thereafter, there were domestic difficulties between the plaintiff and Mrs. Mohn, and that the defendant, as an attorney at law, was from time to time consulted by Mrs. Mohn concerning her troubles with her husband; that on the fourth day of February, 1918, the plaintiff on going away from home, told his wife that he would be absent four or five days; that within the following week she received from him a letter mailed from Ash Fork, Arizona, through which place he was passing, in which plaintiff stated that he would return and be at home about the first of April, and gave her no address at which she might communicate with him; that Mrs. Mohn consulted further with the defendant, Sumner, and in conformity with advice given by him, she determined to remove from "North House" to a house which she rented on Front Street, in San Diego, and took with her out of "North House" all the personal property of the plaintiff therein, as well as her own personal belongings; that the defendant not only gave this advice as Mrs. Mohn's attorney at law, but rendered her some personal assistance in executing her plans; that the defendant employed drays for the purpose and accompanied them to "North House," where he remained throughout the day while the packing and moving

was being completed. Without more ample statement of the testimony, we may say that we are satisfied that the evidence is not sufficient to sustain the finding that the defendant did not at all remove any of the plaintiff's goods and chattels from "North House." He was a participant in that removal and may be held responsible therefor if the act was wrongful.

We are further of the opinion that the evidence is insufficient to sustain the court's finding that the defendant "did not wrongfully and by force" remove said property. [2] The plaintiff having proved that the property was his separate personal property left by him at his place of residence, and that during his absence it was taken away without his consent or knowledge, defendant having actively participated in the act of removal of the goods as above stated, plaintiff was entitled to recover the damages resulting therefrom, unless by other evidence the defendant was able to prove that his acts in the premises were not wrongful.

[3] Notwithstanding objections by the plaintiff, the court permitted the defendant and another witness in their testimony to repeat numerous statements made by Mrs. Mohn to the defendant concerning her difficulties with the plaintiff and the circumstances of his absence from home, upon which statements of fact the defendant based his advice to Mrs. Mohn. This testimony should have been excluded. The defendant was not charged with having committed any wrong as an attorney at law in giving advice to his client upon any statement of facts which she had made to him. Defendant's liability, if any, to plaintiff in this action arises from defendant's acts wherein he took part in the removal of the property and not from anything done by him as a counselor or attorney at law. His acts in connection with the taking away of plaintiff's property might be justified by establishing the right of Mrs. Mohn to remove the property and that he was merely an agent acting for her and at her request; but the facts offered to establish her right should not have been permitted to be proved by the repetition of statements made by her without the presence or knowledge of the plaintiff. If we leave out of consideration the evidence thus erroneously admitted, there remains

very little in the case except the undisputed facts first above
stated. On these facts it must be determined whether or
not Mrs. Mohn, in the exercise of her right to separate
herself from the family domicile, was further entitled to
remove therefrom the personal property of her husband
which he had placed there for the purpose of establishing
a home in that place.

[4] "The husband may choose any reasonable place or
mode of living, and if the wife does not conform thereto,
it is desertion." (Civ. Code, sec. 103.) "If the place or
mode of living selected by the husband is unreasonable and
grossly unfit, and the wife does not conform thereto, it is
desertion on the part of the husband from the time her
reasonable objections are made known to him." (Civ. Code,
sec. 104.) Since in this case there is no competent evidence
that the place and mode of living established by the plain-
tiff at "North House" were either unreasonable or grossly
unfit, we must, for the purposes of the present action, assume
that Mrs. Mohn was under obligation to remain in the home
so established, or to leave her husband's property there if
she chose to go away. Circumstances no doubt might have
existed which would have justified her in vacating the house
and taking away all its contents and which would have
raised the presumption of agency on her part to act for
him and would have further raised the presumption of his
consent thereto. But under the only admissible evidence
produced at the trial the plaintiff's property was taken
away and his residence placed in an uninhabitable condition
upon the mere willful desire of his wife; and the defendant
with complete knowledge of the circumstances, aided her in
carrying out that design. The precise question of liability
here presented seems to be without precedent in this state,
and very few similar cases have been found elsewhere. In
*Schindel* v. *Schindel*, 12 Md. 108, the plaintiff and defend-
ant were brothers who had married sisters. A separation
having occurred between the plaintiff and his wife, the
husband went to his father's house and the wife went to
her mother's house. A few days later the defendant entered
the plaintiff's house and took away certain furniture, claim-
ing that he did so by the direction and in the presence of
the plaintiff's wife. The court based its decision upon the

fact that the husband and wife were living separate from each other, and held that under those circumstances the wife was not her husband's agent. "The acts, therefore, of the defendant cannot derive a justification from any license or authority conferred by the wife of the plaintiff, while she was living apart from him." In *Heyert v. Reubman,* 86 N. Y. Supp. 797, the defendant was the father of the plaintiff's wife, and the action was for conversion of a quantity of household furniture belonging to the plaintiff. During the plaintiff's absence from home the defendant took away all of plaintiff's furniture therein and sought to justify upon the ground that plaintiff's wife had come to his house and said that she had trouble with her husband and asked that the defendant take the furniture. The court, in affirming judgment in favor of the plaintiff, said: "We may infer that plaintiff and his wife had trouble. The plaintiff's ownership of the property, however, and the defendant's exercise of dominion and control over it, is undisputed, as is its value. Clearly, the wife had no authority, express or implied, to authorize the defendant to enter plaintiff's home and take possession of the property and remove it, . . . " The provisions of the Civil Code, to which we have referred, would. have very little force or effect, and the right of a man (even though married) to retain possession of his personal property, placed by him in his own house, would be a right of no substance or value, if it were held that the wife, whenever a shadow of discord falls upon them, may, without just cause, change the domicile and remove. her husband's property to some distant place without his consent. Since she has not that right, any person who, at her mere request, and with knowledge of the circumstances as they were known to this defendant, takes part in the seizure and removal of the husband's goods, should be held liable for the resulting damage if he is unable to prove facts establishing her special authority and. justifying his conduct under the circumstances.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1920.

All the Justices concurred, except Lawlor, J., and Olney, J., who dissented, and Angellotti, C. J., and Sloane, J., who were absent.