[Civ. No. 8025. Second Appellate District, Division Two.—April 20, 1932.]

ADELE DAVIDSON, Respondent, v. NATIONAL TOOL & METALS, INC. (a Corporation), et al., Appellants.

Tipton and Sawyer for Appellants.

Coleman E. Stewart for Respondent.

FRICKE, J., *pro tem.*—This is an appeal from a judgment in a personal injury action, arising out of an automobile collision, wherein the plaintiff was awarded damages in the sum of three thousand dollars.

■ Appellants' first point is based upon the claim that the damages awarded are excessive. The plaintiff, eighty-three years of age, suffered a complete fracture of the left ulna and of the fourth and fifth ribs on the left side. The collision occurred in April, 1930, and there is evidence that from the time of the accident she failed both physically and mentally; that prior to the accident she was very active both mentally and physically and read a great deal, but after the accident she lost all interest in reading and in her former activities and had not recovered at the time of the trial, which was had nearly a year later. Under the circumstances we cannot say that the award of the jury, sustained by the trial court, was other than the result of an honest and sober conclusion warranted by the facts.

■ The other point raised is that the trial court erred in refusing to allow the defendants, during the trial, to amend the answer so as to allege contributory negligence and that the plaintiff and the driver of the vehicle in which she was riding were engaged in a joint venture. Appellants contend that they did not discover that the plaintiff and the

driver of the automobile were on a trip to Los Angeles together to visit some relatives at the time of the collision until the driver so testified at the trial, following which testimony the motion for leave to amend the answer was made. It appears, however, that the defendants took the plaintiff's deposition about six months prior to the trial at which time, as stated in appellants' brief, "the defendants were attempting to obtain sufficient facts to determine if sufficient facts existed and the relationship between plaintiff and the driver of the car in which the plaintiff was riding was of such a nature as to justify setting up the defense of contributory negligence based upon the theory of a joint enterprise". While the plaintiff's memory was not clear as to details she did, in her deposition, disclose the fact of the visit to her relatives and that her granddaughter was driving the car and an examination of the deposition, questions as well as answers, quite clearly shows that appellants were thereby made aware of the basic facts of the trip, if, as indicated by the fact that the subject of a "visit" first appears in the deposition in a question propounded by appellants' counsel, the fact of the visit was not known to them even before the taking of the deposition. Furthermore, appellants do not, in their brief, point out that there was, at the time of the request, before the trial court such a state of facts as would tend to sustain the proposed amendment, nor does there appear to have been any showing that, had the amendment been allowed, there was in existence evidence which would, at least *prima facie,* have sustained the allegations proposed. In the absence of an ability to sustain the allegations of the proposed amendment, the court's denial of the motion for leave to amend the answer could not have prejudiced the appellants. Whether or not such an amendment should be allowed is a matter within the discretion of the trial court and its ruling will not be disturbed on appeal unless that discretion has been abused. (*College National Bank* v. *Morrison,* 100 Cal. App. 403 [280 Pac. 218]; *Rogers Bros.* v. *Beck,* 43 Cal. App. 110 [184 Pac. 515]; *Williams* v. *Youtz,* 178 Cal. 107 [172 Pac. 383]; *Baxter* v. *Riverside Portland Cement Co.,* 22 Cal. App. 199 [133 Pac. 1150].) We can find no cause for holding that the court abused its discretion in denying the motion, and the motion for a new trial,

based upon the points involved in this appeal, was properly denied.

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 16, 1932.