[Civ. No. 19657.   Second Dist., Div. Three.   Dec. 3, 1953.]

CLIFFORD W. BRUCE, Respondent, v. AMANDA E. BRUCE, Appellant.

Grainger, Carver & Grainger and Kyle Z. Grainger, Jr., for Appellant.

Ralph W. Miller for Respondent.

VALLÉE, J.—Appeal by defendant from an interlocutory judgment adjudging that plaintiff is entitled to a divorce. The court found that on September 23, 1946, defendant willfully and without cause deserted plaintiff, and that the desertion continued more than one year.

The specifications of error are: 1. The findings are not supported by evidence. 2. The place of living chosen by plaintiff was not reasonable. 3. The court should have permitted the answer to be amended. 4. Plaintiff failed to prove and corroborate jurisdictional grounds. 5. "Attorney's Fees."

The parties were married in 1918. They have two boys. From 1938 to the trial, plaintiff was employed in San Francisquito Canyon in Los Angeles County. In 1938, the parties with their boys resided a few miles away. Their youngest boy was then 17 years of age; the other, 20. In December, 1938, defendant and the boys moved to Los Angeles for better educational facilities. On his days off, plaintiff visited them. In 1942, a house at plaintiff's place of employment in San Francisquito Canyon was made available to him and the family. It consisted of five rooms and a bath; was electrically equipped; and partly furnished. Plaintiff moved in, described the house and surroundings to defendant, and asked her to go from Los Angeles to San Francisquito Canyon and live with him there. He repeated the request a number of times until September, 1946. Defendant refused to go on each occasion. One of the boys married in 1943; the other, in 1944. The parties did not live together after September 24, 1946. The foregoing evidence is sufficient to support the finding of willful desertion. (Civ. Code, §§ 95, 96, 100, 103; *Brown* v. *Brown*, 92 Cal.App. 276 [268 P. 401]; *Hardenbergh* v. *Hardenbergh*, 14 Cal. 654; *Goucher* v. *Goucher*, 82 Cal.App. 449 [255 P. 892]; *Mohn* v. *Sumner*, 48 Cal.App. 314 [191 P. 991].)

Whether the plaintiff selected a reasonable place of living was a question of fact. The home selected was a five room house with two bedrooms, a kitchen, a large living room, and a den. It had an electric stove, electric heaters, and was partly furnished. The parties owned other furniture which the defendant was using in Los Angeles. The house was surrounded by trees and flowers. There was evidence that the house was superior to that occupied by defendant in Los Angeles. The evidence was sufficient to warrant the conclusion that plaintiff selected a reasonable place of living.

The complaint was filed April 19, 1950. The answer was filed May 1, 1950. The cause came on for trial on September 5, 1952. At the opening of the trial, defendant asked leave to file an amended answer "setting up the defense of incrimination, cruelty and desertion, and asking for attorney's fees and asking for relief in case the divorce is denied." The request was denied. No excuse was offered for the long delay —about two years and four months—in requesting leave to file an amended answer. The proposed amended answer is not part of the record and we cannot determine its sufficiency and, hence, cannot determine whether the trial court should have permitted it to be filed, or whether its refusal to do so was error. There was no showing that if the proposed amendment was allowed it could have been sustained by evidence. Whether such an amendment should be allowed is a matter in the discretion of the trial court, and its ruling will not be disturbed on review unless that discretion has been abused. (*Davidson* v. *National Tool & Metals, Inc.*, 122 Cal.App. 720 [10 P.2d 491]; *Rogers Brothers Co.* v. *Beck*, 43 Cal.App. 110, 112 [184 P. 515]; *Betzer* v. *Olney*, 14 Cal.App.2d 53, 60 [57 P.2d 1376].) No abuse of discretion is shown.

Defendant claims there was no proof that plaintiff had been a resident of the state one year and of the county of Los Angeles three months next preceding the commencement of the action. (Civ. Code, § 128.) The point cannot be sustained. In 1938, plaintiff went to work for the city of Los Angeles at its power plant in San Francisquito Canyon, Saugus, California. He worked there continuously to the time of trial. From 1942 to the time of trial, he lived in the house we have described, on the plant property. A corroborating witness testified he lived at the power plant for six years ending in March, 1951, and that plaintiff was living there during that time. The trial court and this court

take judicial notice that San Francisquito Canyon and Saugus, California, are in Los Angeles County. (Code Civ. Proc., § 1875 (8); *Kautz* v. *Zurich Gen. A. & L. Ins. Co.,* 212 Cal. 576, 582 [300 P. 34]; *Rogers* v. *Cady,* 104 Cal. 288, 290 [38 P. 81, 43 Am.St.Rep. 100]; *Cole* v. *Segraves,* 88 Cal. 103, 105 [25 P. 1109]; *Wahrenbrock* v. *Los Angeles Transit Lines,* 84 Cal.App.2d 236, 239 [190 P.2d 272]; *Sayles* v. *County of Los Angeles,* 59 Cal.App.2d 295, 302 [138 P.2d 768].) The jurisdictional facts were established.

■ Under the heading "Attorney's Fees," defendant merely says her attorney has received nothing in the way of attorney's fees for representing defendant in the action, and requests that she be allowed a reasonable attorney's fee from plaintiff. No reference to the record is made. Defendant has not complied with the Rules on Appeal, and the point should not be considered. Rule 15(a) of the Rules on Appeal provides that each point in a brief shall appear under an appropriate heading which shall be generally descriptive of the subject matter covered, and that the statement of any matter in the record shall be supported by an appropriate reference to the record. (36 Cal.2d 15.) So far as appears no application was ever made by defendant to the superior court for an allowance of attorney's fees. Plaintiff says present counsel for defendant was her attorney of record for one year and eight months prior to the trial and that during that time defendant made no application for fees. This is not denied. At the commencement of the trial, plaintiff stipulated that the court might, in its judgment, allow defendant attorney's fees if it deemed such an allowance proper. Nothing further was said about fees. No evidence was introduced or offered with respect to the services performed by defendant's attorney, or their value, or with respect to the need of defendant for such an award. ■ During the pendency of an action for divorce, the court may, in its discretion, require the husband or wife to pay as attorney's fees any money necessary for the prosecution of the action. (Civ. Code, § 137.) The matter was one in the sound discretion of the trial court. (*Whelan* v. *Whelan,* 87 Cal.App.2d 690, 692-693 [197 P.2d 361]; *Sharpe* v. *Sharpe,* 55 Cal.App.2d 262, 265-266 [130 P.2d 462].) No abuse of discretion is shown. If defendant had desired an allowance of attorney's fees for the purpose of prosecuting her appeal and could have made a sufficient showing, she should have made application to the

trial court for such an allowance. (*Newlands* v. *Superior Court*, 171 Cal. 741 [154 P. 829] ; *Proper* v. *Proper*, 102 Cal. App.2d 612, 617-619 [228 P.2d 62].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 28, 1953, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1954.