[Civ. No. 3281.   Fourth Dist.   Nov. 1, 1944.]

ORA GUY ROGERS et al., Respondents, v. JESSIE L. BAILEY et al., Appellants.

Boyd C. Barrington and Frank L. Simons for Appellants.

O. M. Peabody for Respondents.

GRIFFIN, J.—In an action to quiet title, containing the usual allegations, plaintiffs alleged that on April 22, 1940, they were the owners of certain property in San Bernardino County and that defendants claimed an interest therein adverse to theirs, and sought to have plaintiffs' title quieted. The approved bill of exceptions shows that on April 22, 1940, plaintiffs entered into a written agreement for the sale of the property to defendants for $2,500, to be paid as follows: Defendants to pay $300 on signing the contract; $200 was to be paid in escrow, which escrow was to "start" not later than January 22, 1941. Plaintiffs were to have five months' notice from "start" of escrow, to vacate the premises and were to "accept" a loan of $2,000 for the balance. As of May 1, 1941, defendants were to "take over" payments due on a certain water heater contract, to pay $10 on the 15th day of each month on the contract of purchase of the real property until the time of escrow, which payment was to include interest at 6 per cent on $400. The contract, prepared by plaintiffs, then provided that in the event of a failure of defendants to comply with the terms of the agreement plaintiffs "may be released from all obligation . . . to convey said property" and defendants "shall forfeit all right thereto, together with the improvements thereon, and the right to the possession thereof." Defendants agreed to pay all taxes, "water rent and assessments as they became due at least ten days before the same became delinquent."

The engrossed bill of exceptions further shows that plaintiff Ora Guy Rogers testified that defendants did not make the initial payment of $300 agreed upon at the time of the signing of the agreement but paid it at a later date in installments; that defendants failed to make the monthly payments agreed upon, when they became due, but made most of them at a later date; that on January 23, 1941, defendants quit making any payments at all; that they were not able to make the $200 payment provided for in the agreement and that therefore no escrow was ever opened, although plaintiffs were at all times able and willing to go into escrow and so notified defendants; that defendants were unable to "place" a loan of $2,000 on the property. Exhibits in the form of letters from defendants

clearly indicate that for many months defendants were endeavoring to secure a loan on the property for $2,000 but failed. The evidence further shows that on January 23, 1941, plaintiffs offered and sent to defendants a new contract wherein defendants would be given credit for payments made up to the time of default, pay $200 into escrow, and pay out the balance of the purchase price in monthly payments, but defendants refused to sign such a contract; that on February 4, 1941, plaintiffs notified defendants of their default, gave them thirty days to cure it, but defendants refused; that plaintiffs then notified defendants that the agreement was breached by them and that plaintiffs had cancelled it. Defendants then recorded their original agreement and clouded plaintiffs' title. This action followed.

Defendant George G. Bailey testified that there had never been an escrow opened; that he had paid $300 at the time of the execution of the agreement and made the payments of $10 per month until January, 1941; that he had kept up the payments on the water heater contract and paid water assessments due; that Mr. Rogers was to secure the loan of $2,000 but failed; that he was never in default under his contract; that plaintiffs never went into escrow and therefore he was not obligated to pay the additional down payment of $200; that he therefore made no further payments on the contract by reason of the failure of plaintiff to go into escrow.

The trial court found that the allegations of plaintiffs' complaint were true; that plaintiffs agreed to sell to defendants the described property; that defendants paid part of the consideration but defaulted in payment of the monthly payments; that on February 4, 1941, plaintiffs notified defendants of their default, demanded payment, and that defendants failed to comply; that on March 7, 1941, defendants received notice of cancellation of the contract and that it was therefore legally cancelled; that the allegations of defendants' answer were untrue and that defendants had no right, title or interest in the property. Judgment was entered accordingly.

Defendants appealed and claim first that the court failed to find upon material issues. We see no merit to this contention. The findings sufficiently dispose of the issues recited in the pleadings. (*Cohn* v. *Kelly*, 132 Cal. 468 [64 P. 709]; 24 Cal.Jur. 986, § 214.)

It is next argued that the seller of the land was in default

and could not successfully maintain an action to quiet title to the property until his default had been cured; that a forfeiture of the purchaser's rights could not be claimed without first offering back the monies paid.

In effect, plaintiffs' evidence is that they were at all times able and willing to go into escrow, if defendants would deposit the $200 provided in the agreement and that they so notified defendants. Admittedly, no payments were made on the contract after January 23, 1941.

██ As already noted, the trial court found that defendants had defaulted in their monthly payments due under the contract; that by reason thereof the agreement was properly cancelled. There is evidence supporting the finding and the finding supports the judgment that defendants no longer had any interest in and to the property under the contract.

Whether the provisions of the agreement specifically provide for a forfeiture of the monies paid on the purchase price in case of a breach of the agreement on the part of defendants is not altogether certain. The answer of defendants merely sets up a copy of the written agreement and prays that it be declared to be in full force and effect; that plaintiffs take nothing under their complaint; and that defendants be dismissed with their costs. The return of the payments made on the defaulted contract was not directly sought in the answer. No mention was made of the disposition thereof in the judgment and the return thereof was not made a condition of the operation of the decree quieting plaintiffs' title. The agreement provides that for failure to comply with the terms of the agreement by defendants, plaintiffs would be released from obligations in law or equity to convey the property to them, and defendants "shall forfeit all right thereto," etc.

██ In this connection it is argued that there is a lack of mutuality in the contract by reason of the fact that there is a forfeiture on the part of the buyer for his breach but none on the part of the seller for his failure to perform. Had defendants fully performed and complied with the provisions of the contract of sale the agreement itself provides that the seller will "sell and convey" the property described. For a breach of that covenant defendants would have a remedy. (Civ. Code, §§ 3306 and 3384.) It cannot be said that the agreement is lacking in mutuality. ██ Mutuality of con-

672

tract does not require that there should be mutuality of remedies under it. (*Cavanaugh* v. *Casselman*, 88 Cal. 543 [26 P. 515]; *Reed* v. *Hickey*, 13 Cal.App. 136 [109 P. 38].) This sufficiently disposes of the questions presented.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.