[No. B063118. Second Dist., Div. Four. Oct. 5, 1993.]

GRUBB & ELLIS COMPANY, Plaintiff and Respondent, v.
MICHAEL BELLO et al., Defendants and Appellants.

**COUNSEL**

Michael Bello, in pro. per., Charles K. Golden and Marc R. Levine for Defendants and Appellants.

Singer & Carley and Stephen R. Carley for Plaintiff and Respondent.

**OPINION**

**RAPPE, J.*—**

### INTRODUCTION

Michael Bello and M.B. Contractors, Inc. (Bello) appeal from a judgment confirming an arbitration award (Code Civ. Proc., § 1294)[1] in favor of Grubb & Ellis Company (Grubb). We affirm.

### FACTS

Bello entered into exclusive listing agreements with Grubb, a real estate broker, to sell real property located at 1041 and 1047 West Gladstone in San Dimas, California. Identical provisions in both listing agreements provided for arbitration of "[a]ny dispute or claim in law or equity arising out of this contract or any resulting transaction." Each agreement contained the statutorily mandated "arbitration of disputes" and "notice" provisions immediately followed by separate spaces "for the parties to indicate their assent or

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1] All sections refer to the Code of Civil Procedure unless otherwise stated.

nonassent to the arbitration provision." (§ 1298, subd. (c).) Although Bello initialed each arbitration provision, Grubb failed to do so. Bello later leased the properties in violation of these agreements. Grubb consequently sought its real estate commissions.

Grubb made a demand for arbitration requesting relief of approximately $45,000. On July 8, 1991, Bello appeared, without counsel, before the arbitrator and objected to the hearing on the sole ground there were no agreements to arbitrate because Grubb had not initialed the arbitration provisions. However, the arbitrator proceeded with the hearing. Bello remained and participated in the proceedings. Grubb presented evidence the $45,000 requested in the demand was due to a mistaken mathematical calculation. Based on the agreements, which set forth a specified percentage of the listing price as the commission for each piece of property, Grubb presented the correct figure to the arbitrator, who decided in favor of Grubb and issued an award in the amount of $67,500.

Grubb timely petitioned to confirm the award. (§ 1285.) Requesting the petition be denied, vacated or corrected, Bello responded arguing (1) the lack of arbitration agreements, and (2) the award was in excess of the arbitrator's powers because the amount awarded exceeded that requested in the demand. (§ 1285.2.) The superior court ordered that the award be confirmed and entered judgment accordingly.

ISSUES

*The Arbitration Agreement*

Bello first contends there were no agreements to arbitrate because (1) the listing agreements lacked mutuality of obligation, and (2) section 1298, subdivision (c) required the assent of all parties to the arbitration provisions. Grubb argues Bello agreed to arbitration but, in any event, waived the right to raise this point by appearing and participating in the arbitration hearing.

a. *Waiver*

■ We conclude, under the circumstances present here, Grubb's waiver argument misses the mark. ■ " 'Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' [Citations.] The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.' " (*City of Ukiah* v. *Fones* (1966) 64 Cal.2d 104, 107-108 [48

Cal.Rptr. 865, 410 P.2d 369].) ▆▆▆ Bello appeared and made a proper objection on the ground there were no arbitration agreements without the assent of both parties to the arbitration provisions. A waiver may be founded on a party's "failure to make proper objection, by his conduct, or otherwise" (see *Ray Wilson Co.* v. *Anaheim Memorial Hospital Assn.* (1985) 166 Cal.App.3d 1081, 1089, fn. 4 [213 Cal.Rptr. 62], disapproved on an unrelated ground in *Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 27-28 [10 Cal.Rptr.2d 183, 832 P.2d 899]). Bello's specific objection was sufficient in the absence of later conduct by him inconsistent with this objection or an advisement by the court that participation would constitute a waiver of his objection.

Although Bello participated in the hearing, there is nothing in the record demonstrating the details of this participation. In particular, we have no facts before us demonstrating conduct inconsistent with Bello's initial objection.

Relying on *Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841 [101' Cal.Rptr. 143], Grubb argues Bello waived his objection by participating in the hearing without seeking a writ of prohibition or a restraining order. *Lovret* is distinguishable on a number of grounds. First, in *Lovret,* the waiving party raised no objection to her inclusion in the arbitration hearing. Second, in *Lovret,* the waiving party did not seek to vacate the award. Instead, she not only participated in the arbitration hearing, but she also joined in the confirmation proceedings by filing cross-demands and causing workmen's and materialmen's liens on the property to be removed as a part of the judgment confirming the award. The court held: "One submitting a counterclaim without resorting to an extraordinary remedy, available to him, may not claim after an adverse ruling in arbitration that the counterclaim was not an issue in the arbitration proceedings. [Citation.]" (*Lovret* v. *Seyfarth, supra,* 22 Cal.App.3d at p. 859.) Here, Grubb failed to demonstrate specific conduct by Bello inconsistent with his objection. Third, *Lovret* involved arbitration previously ordered by the court, and therefore a writ of prohibition or a restraining order would have been appropriate. However, Bello was not ordered to arbitrate and therefore could not have obtained such relief. (*Sauter* v. *Superior Court* (1969) 2 Cal.App.3d 25, 28-29 [82 Cal.Rptr. 395] ["Petitioner contends that since [section 1281.2] provides procedures to compel arbitration in proper cases, it follows that the court may enjoin threatened arbitration. We cannot agree."].) Bello's remedy would have been to "decline or refuse to participate in the arbitration proceedings," and Grubb would have been "compelled to rely upon the procedures set forth in section 1281.2 of the Code of Civil Procedure to enforce the right of arbitration." (*Id.* at p. 29.) Since Bello, unlike the waiving party in *Lovret,* represented himself at the arbitration hearing, we refuse to read a waiver into his failure

to "decline or refuse to participate in the arbitration proceedings." " '[A] mistake of law may be excusable when made by a layman but not when made by an attorney.' " (*American Home Assurance Co.* v. *Benowitz* (1991) 234 Cal.App.3d 192, 203 [285 Cal.Rptr. 626], quoting *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 479 [58 Cal.Rptr. 249, 426 P.2d 753].) Bello's mistake was excusable. We therefore proceed to examine the merits of his objections.

### b. *Enforceability of the Arbitration Provisions*

#### 1. *Mutuality of Obligation*

■ Bello mistakenly claims mutuality of obligation was lacking because both parties to the agreement did not initial the arbitration provisions. "In brief, the doctrine [of mutuality of obligation] is that the promises on each side must be *binding obligations* in order to be consideration for each other. [Citations.]" (1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 228, pp. 236-237.) Mutuality of obligation does not require that both parties to the agreement be subject to arbitration. This is illustrated by *Rogers* v. *Bailey* (1944) 66 Cal.App.2d 668 [152 P.2d 468]. There, appellants argued "a lack of mutuality in the contract by reason of the fact that there [was] a forfeiture on the part of the buyer for his breach but none on the part of the seller for his failure to perform." (*Id.* at p. 671.) Noting, that the buyer had other remedies, the court explained: "Mutuality of contract does not require that there should be mutuality of remedies under it. [Citations.]" (*Id.* at pp. 671-672.)

#### 2. *Section 1298, Subdivision (c)*

■ Appellant argues the Legislature, in enacting section 1298, subdivision (c), "intended that all the parties initial the arbitration provision in the place required in order for it to be a part of the underlying agreement."[2] In essence, Bello would have us read into the statute the requirement of

---

[2] In relevant part, section 1298, subdivision (c) reads: "Immediately before the line or space provided for the parties to indicate their assent or nonassent to the arbitration provision described in subdivision (a) or (b), and immediately following that arbitration provision, the following shall appear: [¶] 'NOTICE: BY INITIALLING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALLING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL

mutuality of remedy, namely arbitration, in order for such an arbitration provision to be valid. We conclude there is no basis for adopting the mutuality of arbitration limitation advanced by Bello.

Our starting point must be the language of section 1298, and, in particular subdivision (c). "As a rule, there can be no intent in a statute not expressed in its words; the intention of the Legislature must be determined from the language of the statute. [Citation.]" (*Woodland Joint Unified School Dist.* v. *Commission on Professional Competence* (1992) 2 Cal.App.4th 1429, 1451 [4 Cal.Rptr.2d 227].) "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute). . . . [Citations.]" (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) On its face, the statute does not contain a mutuality of arbitration requirement. At best, the statute requires "the parties to indicate their assent or nonassent to the arbitration provision." Here, Bello indicated his assent, but Grubb indicated neither its assent or nonassent. Although Grubb's failure to assent in writing might have had some effect on whether it could have been required to arbitrate, the statute does not purport to vitiate Bello's assent in such a situation. Nothing in established contract law proscribes a contract provision from subjecting only one party to arbitration. In fact, section 1298, subdivision (c) envisions that possibility by referring to "assent or nonassent."

Furthermore, there is no reason to find the statute requires mutuality of arbitration by necessary implication. As explained in *San Diego Service Authority for Freeway Emergencies* v. *Superior Court* (1988) 198 Cal.App.3d 1466, 1472 [244 Cal.Rptr. 440]: "A court should not presume the Legislature intended to legislate by implication. [Citation.] Although in years past it may have been necessary for courts to read into a statute provisions not specifically expressed by the Legislature, the modern rule of construction disfavors such practice. [Citation.]"

In fact, had the Legislature intended to make such arbitration provisions invalid in the absence of the assent of all parties to a listing agreement, it could have included just such language. For example, in Civil Code, section 1677, the Legislature provided, in relevant part: "A provision in a contract to purchase and sell real property liquidating the damages to the

Procedure. Your Agreement to This Arbitration Provision Is Voluntary.' [¶] 'We Have Read and Understand the Foregoing and Agree to Submit Disputes Arising Out of the Matters Included in the "Arbitration of Disputes" Provision to Neutral Arbitration.' "

seller if the buyer fails to complete the purchase of the property is *invalid* unless: [¶] (a) The provision is separately signed or initialed by each party to the contract. . . ." (Italics added.) Bello's theory is undermined by the absence of such language in section 1298, subdivision (c). ■ "It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded. [Citations.]" (*Ford Motor Co.* v. *County of Tulare* (1983) 145 Cal.App.3d 688, 691 [193 Cal.Rptr. 511].)

■ There is no necessary implication in the language of the statute that it was enacted to overturn the already discussed principle that mutuality of obligation in a contract does not require mutuality of remedies.[3] ■ In *Woodland Joint Unified School Dist.* v. *Commission on Professional Competence, supra,* 2 Cal.App.4th at page 1451, the court, explained: " 'The usual standard used to interpret a statute by implication or inference is used to determine if the statute embraces such consequential applications and effects as are necessary, essential, natural or proper. Although these are not terms having precise meaning capable of measured application, it seems fair that *in order for a consequence to be implied from a statute there must be greater justification for its inclusion than a consistency or compatibility with the act from which it is implied. "A necessary implication within the meaning of the law is one that is so strong in its probability that the contrary thereof cannot reasonably be supposed."* And it has been more fully explained that: "[s]uch implication, inference, or presumption, as the fact may be, is always indulged to supply a deficiency, and is never permitted to contradict the act, grant, or instrument whatsoever involved." ' [Citation.]" This test is not met by Bello's interpretation of section 1298, subdivision (c). ■ The section is designed to ensure that a party to a listing agreement is not subjected to arbitration without notice of the rights being waived and to assure his or her written assent to the arbitration provision. The written assent of the other party to the agreement is not "necessary, essential, natural or proper" to accomplish these goals.

■ Finally, even if it were necessary to examine the legislative intent, our conclusion would be the same. The legislative history supports our conclusion the Legislature intended to protect parties to real estate listing agreements by assuring adequate notice of the consequences of an arbitration provision and requiring separate written assent or nonassent. On our own motion, we take judicial notice of various legislative documents dealing with section 1298 furnished by the Legislative Intent Service. (Evid. Code, §§ 452, subd. (c) and 459; *Commodore Home Systems, Inc.* v. *Superior Court*

[3]Bello overlooks that the arbitration provision here in dispute is simply part of an already binding contract.

(1982) 32 Cal.3d 211, 218, fn. 9 [185 Cal.Rptr. 270, 649 P.2d 912].) These documents evidence the Legislature's overriding concern with consumer protection and efforts to assure that arbitration will be voluntary and knowing. Finally, nothing in these documents supports the argument that the Legislature intended to require mutuality of arbitration as a prerequisite to enforcing such an arbitration provision.

*The Amount of the Arbitrator's Award*

██  Finally, in apparent recognition of the rule limiting "judicial review of private arbitration awards to those cases in which there exists a statutory ground to vacate or correct the award" (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at p. 28), Bello contends the superior court should have vacated or corrected the award because the arbitrator "exceeded [his] powers" under sections 1286.2, subdivision (d)[4] or 1286.6, subdivision (b).[5] By analogy to section 580,[6] Bello contends "the Arbitrator's authority was limited to the $45,000.00 prayer."[7] The problem with this argument, as recognized by Bello, is section 580 has no application to arbitration proceedings which are not governed by the formal rules of pleading. In light of Bello's participation in the arbitration hearing where evidence and computation of the correct amount of real estate commissions due were presented, the situation is more like "a *contested case,* [where] a prayer which seeks the wrong relief or fails to demand adequate relief is not a serious defect." (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 449, pp. 492-493; see also *Castaic Clay Manufacturing Co.* v. *Dedes* (1987) 195 Cal.App.3d 444, 449-450 [240 Cal.Rptr. 652].) We therefore reject this argument.

---

[4]In relevant part, section 1286.2 provides: "Subject to Section 1286.4, the court shall vacate the award if the court determines that: [¶] . . . [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. . . ."

[5]In relevant part, section 1286.6 provides: "Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that: [¶] . . . [¶] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted. . . ."

[6]Section 580 provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the Court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

[7]There is no contention Bello conditioned his participation in the arbitration hearing on any understanding that an adverse award would not exceed the $45,000 requested in the demand. Nor is there any contention the evidence does not support the award of $67,500. Finally, there is no contention the subject matter exceeded the scope of the arbitration provision.

## CONCLUSION

The judgment is affirmed. Respondents to recover their costs on appeal. (Cal. Rules of Court, rule 26(a).)

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.