[No. C028772. Third Dist. Dec. 18, 1998.]

DEBRA ANN FURTADO, Plaintiff and Appellant, v.
SIERRA COMMUNITY COLLEGE et al., Defendants and Respondents.

COUNSEL

Anthony J. Poidmore for Plaintiff and Appellant.

Johnson, Schachter & Collins and George W. Holt for Defendants and Respondents.

OPINION

NICHOLSON, J.—Debra Ann Furtado appeals from the trial court's denial of her motion seeking a writ of mandate. Furtado contended in the trial court, and contends on appeal, that the Board of Trustees of the Sierra Joint Community College District violated the Ralph M. Brown Act (Brown Act) by meeting in closed session and voting not to reemploy her. We disagree, and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Sierra Community College hired Furtado on July 1, 1991, as assistant dean of the library. Although Furtado received positive evaluations of her work during the first year of her employment, her evaluations, by her own description, "plummeted" the second year. When Furtado was next evaluated, she was terminated from her position.

After her dismissal, Furtado became a contract employee working as a librarian at Sierra Community College's Rocklin campus. The faculty evaluation committee evaluated Furtado on February 11, 1997, and recommended against renewal of her contract. Furtado detailed in writing her objections to the committee's report. On February 13, 1997, Superintendent-President Kevin Ramirez notified Furtado that he agreed with the committee's report and intended to recommend the same to the board of trustees. Ramirez also notified Furtado that the board would discuss her committee evaluation report in closed session at its meeting on February 25, 1997.

Furtado told Ramirez, "I wish to exercise my rights to address the Board in Open Session at the February 25, 1997 Board meeting regarding your recommendation to terminate my employment with the District." She additionally informed Ramirez that she wanted to address the board in closed session as well, accompanied in both instances by her attorney. Ramirez advised Furtado she was welcome to attend the board's open session, but the discussion regarding her evaluation would occur only in closed session "[s]ince the Board Agenda item does not concern specific complaints or

charges brought against you as defined under the Brown Act . . . ." Furtado subsequently elected not to attend the board meeting.

On February 25, 1997, the board met in closed session and voted not to renew Furtado's contract.

Contending the board's procedures had violated the Brown Act, Furtado filed a petition for writ of mandate. The trial court denied the petition, finding "[a]n evaluation of performance and a decision not to re-employ a non-tenured employee are not 'complaints or charges' and therefore the employee does not have a right to have the Board consider them in open session . . . ."

## DISCUSSION

■ The facts in this matter are undisputed; the issue on appeal is whether the actions taken violated the Brown Act. (Gov. Code, § 54953 et seq.)[1] Accordingly, our review is de novo. (See *Bullock* v. *City and County of San Francisco* (1990) 221 Cal.App.3d 1072, 1094 [271 Cal.Rptr. 44].)

■ Furtado contends the board of trustees violated the Brown Act by taking action regarding Furtado's employment in closed session rather than an open public meeting. The Brown Act declares: "[T]he public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly." (§ 54950.) Accordingly, the Legislature has mandated "[a]ll meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter." (§ 54953.)

However, an exception to the open meeting requirements exists when certain personnel issues are slated for discussion. Section 54957 states: "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency . . . from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session. [¶] As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee, the employee shall be given written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session . . . ."

---

[1] All further undesignated statutory references are to the Government Code.

Furtado and the board offer different interpretations of this personnel exception. Furtado contends the last phrase of the first paragraph—"unless the employee requests a public session"—applies to all of the language that precedes it. Thus, in Furtado's view, the board may hold closed sessions "to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee" only if the employee has not requested an open session. Since Furtado requested an open session, she asserts the board violated the Brown Act by denying her request and instead reviewing her performance in closed session.

The board takes a different view of the statute's meaning. The board asserts the use of the disjunctive "or" to separate the reference to "complaints or charges" from the rest of the personnel exception indicates that the request for a public session applies only to the hearing of complaints or charges brought against the employee—and does not apply to the holding of a closed session "to consider [an employee's] appointment, employment, evaluation of performance, discipline, or dismissal." The board's interpretation is the better-reasoned under principles of statutory construction.

■ Every word in a statute is presumed to have meaning. (*Reno* v. *Baird* (1998) 18 Cal.4th 640, 658 [76 Cal.Rptr.2d 499, 957 P.2d 1333].) ■ In section 54957, the word "or" appears before "dismissal" and then again before "to hear complaints." The qualifying phrase ("unless the employee requests a public session") follows the second disjunctive phrase ("or to hear complaints or charges brought against the employee").

An accepted rule of statutory construction is that qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. (2A Sutherland, Statutory Construction (5th ed. 1992) § 47.33, p. 270.) Pursuant to this rule, the qualifying phrase concerning an employee's request for a public session refers only to situations where the board is hearing complaints or charges against the employee.

This interpretation is further supported by the second paragraph of section 54957, which states: "As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee, the employee shall be given written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session . . . ." This paragraph clarifies the statute's intention to permit an employee to request an open session when complaints or charges have been brought against the employee. Conspicuously absent from this paragraph, however, is any mention of other personnel matters. ■ " '[W]hen the

Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.' " (*Grubb & Ellis Co.* v. *Bello* (1993) 19 Cal.App.4th 231, 240 [23 Cal.Rptr.2d 281].)

In addition to comporting with rules of statutory construction, the board's interpretation makes practical sense. The purposes underlying the personnel exception to the Brown Act are "to permit free and candid discussions of personnel matters" and "to protect the employee from public embarrassment." (*San Diego Union* v. *City Counsel* (1983) 146 Cal.App.3d 947, 955 [196 Cal.Rptr. 45].) The statute permits an employee to call for an open session to address charges brought against the employee by another individual, which is appropriate to provide the employee with the opportunity to hear the allegations and to clear his or her name.

However, for the personnel matters described in the first part of the statute—an employee's "appointment, employment, evaluation of performance, discipline, or dismissal"—permitting open sessions upon demand makes no sense. Furtado's interpretation would render job applicants entitled to an open session regarding whether to hire them. Accordingly, the Legislature has drawn a reasonable compromise, leaving most personnel matters to be discussed freely and candidly in closed session, but permitting an employee to request an open session to defend against specific complaints or charges brought against him or her by another individual.

Furtado alternatively argues that the negative comments in her evaluations constituted "complaints or charges brought against [her] by another person or employee," thus entitling her to an open session. We disagree.

Furtado's contention fails for two reasons. First, the statutory language includes reference to "evaluation of performance" which is separate and distinct from the hearing of "complaints or charges brought against the employee." (§ 54957.) Thus, to merge employee evaluations into the category of "complaints or charges" in order to permit an open session is effectively to rewrite the statute. Second, an Attorney General opinion, focusing on another aspect of the statutory language, concluded personnel evaluations do not constitute "complaints or charges." (78 Ops.Cal.Atty.Gen. 218 (1995).) "Excluding statutorily mandated performance evaluations and any discussions thereof from the meaning of 'complaints and charges' in section 54957 is consistent with the qualifying phrase: 'brought against the employee by another person or employee . . . .' Both 'complaint' and 'charge' connote an accusation, something which is 'brought against' an individual. Performance evaluations conducted in the due course of district business are not in the nature of an accusation and are not normally thought of as being

'brought against the employee.' This is particularly true when the evaluation is used as a basis for determining whether to reelect [rehire] a probationary employee." (*Id.* at p. 223.) We reject Furtado's attempt to equate a performance evaluation with a complaint or charge.

■ Finally, Furtado asserts the board mischaracterized the agenda item pursuant to which her employment was reviewed, thereby violating section 54954.5, which sets forth the posting requirements for describing closed session items. We disagree.

The board's agenda listed the review as "Public Employee Performance Evaluation (Non-Tenured) Librarian." Furtado acknowledges "public employee performance evaluation" is an agenda item under section 54954.5. However, Furtado insists, the "public employee performance evaluation" agenda classification is inappropriate "for consideration of matters constituting charges and complaints against the employee and for which discipline and/or dismissal is contemplated." Instead, Furtado argues, the appropriate agenda item was "Public employee discipline/ dismissal/release." This assertion fails for several reasons.

Section 54960.1 denies relief if the agenda item was in "substantial compliance" with sections 54954.2 and 54954.5. (§ 54960.1, subd. (d)(1).) Subdivision (e) of section 54954.5 sets forth agenda items deemed in "[s]ubstantial compliance" for describing closed sessions. Items in this subdivision include: (1) public employee appointment, (2) public employment, (3) public employee performance evaluation, and (4) public employee discipline/dismissal/release. (§ 54954.5, subd. (e).) Furtado essentially argues because the board did not renew her contract, the use of "public employee performance evaluation" as an agenda item was improper, and the board was instead required to use "public employee discipline/dismissal/ release." We disagree, finding the "evaluation" agenda item was neither erroneous nor misleading.

The board reviewed Furtado's evaluations, but then determined not to renew her contract, resulting in her dismissal. Accordingly, both agenda items accurately describe the board's purpose in discussing Furtado and thus the "evaluation" agenda item was not an erroneous listing. Moreover, the "evaluation" agenda item did not mislead Furtado; the decision not to renew her contract came as no surprise. In addition to receiving the evaluations, Furtado acknowledges on February 11, 1997, the faculty evaluation committee recommended her contract should not be renewed and she responded to this recommendation by submitting a six-page "Notice of Exception" detailing her objections to the report. Furtado also acknowledges on February 13,

1997, Superintendent-President Ramirez informed her of his concurrence with the committee's recommendation, and stated he would recommend the board not reemploy her for the 1997-1998 academic year. Accordingly, the "evaluation" agenda item was neither erroneous nor misleading. Furtado's interpretation would open the door to finding error any time the review of an employee's evaluations resulted in a decision not to rehire or renew a contract. Furtado's interpretation would require the board either to (1) always list the employee's dismissal as the agenda item, when in fact the board might decide to retain the employee despite a recommendation to the contrary, or (2) hold meetings regarding the employee on two separate occasions, once solely to review the evaluations and again to render an employment decision. These alternatives are impractical and unsatisfactory. The board indeed reviewed Furtado's evaluations and in light of the evaluations, the committee's report, and the committee's and superintendent's recommendations, elected not to renew her contract. Under the facts presented, we find no error.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Scotland, Acting P. J., and Hull, J., concurred.