BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE WESLEY CHESBRO, MEMBER OF THE STATE SENATE, has requested an opinion on the following questions:
1. May a county retirement board meet in closed session to discuss and evaluate medical records submitted in connection with an employee's application for a disability retirement?
2. If a county retirement board may meet in closed session to discuss and evaluate medical records submitted in connection with an employee's application for a disability retirement, may the board permit the applicant and his or her representative to attend the closed session?
 CONCLUSIONS
1. A county retirement board may meet in closed session to discuss and evaluate medical records submitted in connection with an employee's application for a disability retirement.
2. A county retirement board may permit an applicant for a disability retirement and his or her representative to attend a closed session at which the applicant's medical records are discussed and evaluated.
 ANALYSIS
The two questions presented for resolution concern the extent to which the "open meeting" requirements of the Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Brown Act")[1] apply to a county retirement board when it discusses and evaluates an employee's medical records submitted in connection with a disability retirement application under the County Employees Retirement Law of 1937 (§§ 31450-31899.9). We conclude that the medical records may be evaluated in closed session, and that the board may permit the applicant and his or her representative to be present during the closed session without allowing members of the general public to be present.
Preliminarily, we note that a county retirement board is responsible for determining the merits of a county employee's application for a disability retirement, subject to judicial review by a petition for a writ of mandate. (§§ 31721, 31725;Singh v. Board of Retirement (1996) 41 Cal.App.4th 1180,1192-1193; see also Cal. Const., art. XVI, § 17.) In making its determination, a retirement board owes a fiduciary duty of good faith and loyalty to all members of the county's retirement system. (Cal. Const., art. XVI, § 17; Hittle v. Santa BarbaraCounty Employees' Retirement Assn. (1985) 39 Cal.3d 374,392-393.) A retirement board must fairly administer the system in a manner that promotes the general purposes and preserves the assets of the county retirement system, ensuring that benefits are paid only to those members who establish their eligibility. As the court observed in McIntyre v. Santa Barbara CountyEmployees' Retirement System (2001) 91 Cal.App.4th 730, 734:
 "Board members `are entrusted by statute with the exclusive authority to determine the factual issues whether a member is permanently incapacitated for duty (Gov. Code, § 31725) and whether the disability is service connected (cf. Gov. Code, §§ 31725.7, 31725.8).' [Citation.] The Board is therefore required to administer the retirement system `in a manner to best provide benefits to the participants of the plan.' [Citations.] It cannot fulfill this mandate unless it investigates applications and pays benefits only to those members who are eligible for them. [Citations.]"
Keeping in mind these duties and responsibilities of a county retirement board, we turn to the "open meeting" requirements of the Brown Act. Subdivision (a) of section 54953 sets forth the general rule:
 "All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter."
A "legislative body" includes "[a] commission, committee, board, or other body of a local agency. . . ." (§ 54952, subd. (b).) We have previously determined that a county retirement board is subject to the Brown Act's requirements. (65 Ops.Cal.Atty.Gen. 412, 413 (1982) ["A county retirement board, as a permanent board or commission of a `local agency,' falls within the requirements and proscriptions of the Act"]; see also Freedom Newspapers,Inc. v. Orange County Employees' Retirement System (1993)6 Cal.4th 821, 824 [county retirement board is subject to Brown Act as both "local agency" under section 54951 and "legislative body" under section 54952].)
Here, we are given that a county employee has applied for a disability retirement, that various medical records have been submitted in connection with the application, that an evidentiary hearing on the application has been conducted before a hearing officer or referee (see § 31533),[2] and that the county retirement board intends to discuss and evaluate the employee's medical records in considering the merits of the application (see § 31534).[3]
1. Members of the General Public in Attendance
The first question to be resolved is whether a county retirement board may meet in closed session when evaluating medical records related to an employee's application for a disability retirement. We answered that question in 65 Ops.Cal.Atty.Gen. 412, supra, where we concluded:
 "The open meeting requirements of the Ralph M. Brown Act do not apply to that portion of a retirement board meeting held pursuant to the County Employees Retirement Law of 1937 which involves the discussion of medical records which are submitted in connection with an application for disability retirement." (Id. at p. 413.)
Two events have occurred since our 1982 opinion that cause us to revisit the issue. First, in 1987, the Legislature enacted section 54962, which currently provides:
 "Except as expressly authorized by this chapter, or by Sections 1461, 1462, 32106, and 32155 of the Health and Safety Code or Sections 37606 and 37624.3 of the Government Code as they apply to hospitals, or by any provision of the Education Code pertaining to school districts and community college districts, no closed session may be held by any legislative body of any local agency."
The Legislature's addition of section 54962 has effectively eliminated the possibility of finding an implied authorization for a closed session. Confidential communication privileges defined in other statutes, such as in the Public Records Act (§§ 6250-6276.48) and the Evidence Code, no longer provide a basis for excluding the public during a legislative body's meetings. (See, e.g., 71 Ops.Cal.Atty.Gen. 96, 99-100 (1988) [because Brown Act does not expressly authorize closed-session consideration of air pollution variance requests, such deliberations must be conducted in meetings open to the public].)
Our 1982 conclusion rested in part upon our finding of an implied authorization to hold a closed session in order to ensure the confidentiality of an employee's medical records as mandated by section 31532. (65 Ops.Cal.Atty.Gen., supra, at pp. 413-414.) That basis is no longer viable due to the subsequent enactment of section 54962. However, our 1982 conclusion was also predicated upon a second, independently sufficient basis that has survived the passage of section 54962 — namely, the express "personnel exception" of the Brown Act. (Id. at pp. 414-415.)
The Brown Act's "personnel exception" is set forth in subdivision (b) of section 54957:
 "(1) Subject to paragraph (2), nothing contained in this chapter shall be construed to prevent the legislative body of a local agency from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session.
 "(2) As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee, the employee shall be given written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session, which notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding the session. If notice is not given, any disciplinary or other action taken by the legislative body against the employee based on the specific complaints or charges in the closed session shall be null and void.
 "(3) The legislative body also may exclude from the public or closed meeting, during the examination of a witness, any or all other witnesses in the matter being investigated by the legislative body.
 "(4) For the purposes of this subdivision, the term `employee' shall include an officer or an independent contractor who functions as an officer or an employee but shall not include any elected official, member of a legislative body or other independent contractors. . . . Closed sessions held pursuant to this subdivision shall not include discussion or action on proposed compensation except for a reduction of compensation that results from the imposition of discipline."
In addition, subdivision (a)(5) of section 54957.1 provides:
 "(a) The legislative body of any local agency shall publicly report any action taken in closed session and the vote or abstention of every member present thereon, as follows:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(5) Action taken to appoint, employ, dismiss, accept the resignation of, or otherwise affect the employment status of a public employee in closed session pursuant to Section 54957 shall be reported at the public meeting during which the closed session is held. Any report required by this paragraph shall identify the title of the position. The general requirement of this paragraph notwithstanding, the report of a dismissal or of the nonrenewal of an employment contract shall be deferred until the first public meeting following the exhaustion of administrative remedies, if any."
In Fischer v. Los Angeles Unified School Dist. (1999)70 Cal.App.4th 87, 96, the court observed: "The purposes of the personnel exception are (1) to protect employees from public embarrassment and (2) to permit free and candid discussions of personnel matters by a local governmental body." (See Bollingerv. San Diego Civil Service Comm. (1999) 71 Cal.App.4th 568, 573; 85 Ops.Cal.Atty.Gen. 77, 79-80 (2002); 80 Ops.Cal.Atty.Gen. 308, 310 (1997); 63 Ops.Cal.Atty.Gen. 153, 155 (1980).)
When a county retirement board reviews an application for a disability retirement, including the employee's medical records, it is determining whether the applicant's "employment" should continue or should be terminated due to the claimed disability. (§ 54957, subd. (b)(1).) The board's determination thus constitutes an "[a]ction taken to . . . affect the employment status" of the applicant. (§ 54957.1, subd. (a)(5).) Accordingly, a retirement board's deliberations are protected under the Brown Act's "personnel exception" and may be conducted in closed session. We reaffirm the conclusion reached in 65 Ops.Cal.Atty.Gen. 412, supra, with respect to the applicability of the "personnel exception" to the review and evaluation of a disability retirement application by a county retirement board.
The second event of significance that occurred since the issuance of our 1982 opinion was the approval of Proposition 59 by California voters at the November 2, 2004, General Election. Proposition 59 added subdivision (b) to section 3 of article I of the Constitution as follows:
 "(1) The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny.
 "(2) A statute, court rule, or other authority, including those in effect on the effective date of this subdivision, shall be broadly construed if it furthers the people's right of access, and narrowly construed if it limits the right of access. A statute, court rule, or other authority adopted after the effective date of this subdivision that limits the right of access shall be adopted with findings demonstrating the interest protected by the limitation and the need for protecting that interest.
 "(3) Nothing in this subdivision supersedes or modifies the right of privacy guaranteed by Section 1 or affects the construction of any statute, court rule, or other authority to the extent that it protects that right to privacy, including any statutory procedures governing discovery or disclosure of information concerning the official performance or professional qualifications of a peace officer.
 "(4) Nothing in this subdivision supersedes or modifies any provision of this Constitution, including the guarantees that a person may not be deprived of life, liberty, or property without due process of law, or denied equal protection of the laws, as provided in Section 7.
 "(5) This subdivision does not repeal or nullify, expressly or by implication, any constitutional or statutory exception to the right of access to public records or meetings of public bodies that is in effect on the effective date of this subdivision, including, but not limited to, any statute protecting the confidentiality of law enforcement and prosecution records.
 "(6) Nothing in this subdivision repeals, nullifies, supersedes, or modifies protections for the confidentiality of proceedings and records of the Legislature, the Members of the Legislature, and its employees, committees, and caucuses provided by Section 7 of Article IV, state law, or legislative rules adopted in furtherance of those provisions; nor does it affect the scope of permitted discovery in judicial or administrative proceedings regarding deliberations of the Legislature, the Members of the Legislature, and its employees, committees, and caucuses."
In our view, this recent constitutional requirement that statutes be "narrowly construed" if they limit "the right of access" to information concerning the conduct of the people's business reflects the same principle of statutory construction previously applied by the courts and in our opinions. (See, e.g.,City of Hemet v. Superior Court (1995) 37 Cal.App.4th 1411,1425; Rogers v. Superior Court (1993) 19 Cal.App.4th 469, 476; 79 Ops.Cal.Atty.Gen. 269, 271 (1996).) Moreover, the "personnel exception" set forth in section 54957, upon which we independently based our 1982 conclusion, is plainly a pre-existing "statutory exception to the right of access to . . . meetings" (Cal. Const., art. I, § 3, subd. (b)(5)), and therefore remains in full force and effect despite the recent adoption of Proposition 59.
Thus, notwithstanding changes that have taken place in California law since our 1982 opinion, we reaffirm our conclusion that a county retirement board may meet in closed session to discuss and evaluate medical records submitted in connection with an employee's application for a disability retirement.
2. Applicant and Representative in Attendance
We next consider whether a disability retirement applicant and his or her representative may attend a county retirement board's closed session at which the employee's medical records are discussed and the merits of the application are considered. We conclude that the applicant and his or her representative may attend the closed session if the retirement board so permits.
First, we note that, in the circumstances presented, the county retirement board would not be conducting an evidentiary hearing
at which the medical records would be introduced or presented to support or oppose the claim of disability. We have assumed that such an administrative hearing has already been conducted, that rulings have been made on any evidentiary objections, that the applicant has been afforded an opportunity to respond to any opposing evidence or arguments, and that the hearing officer or referee has issued proposed findings and a recommended decision regarding the employee's retirement application. (See § 31533.) Hence, any due process rights that the employee may have at such an evidentiary hearing are not in question here. (See, e.g.,Keith v. San Bernardino County Retirement Bd. (1990)222 Cal.App.3d 411, 415; Titus v. Civil Service Com. (1982)130 Cal.App.3d 357, 362-363; see also Bollinger v. San Diego CivilService Com., supra, 71 Cal.App.4th at pp. 575-578.)
Instead, we are addressing a subsequent procedural step — in which the retirement board considers the disability retirement application, including medical reports and other evidence submitted in connection therewith, and decides whether to grant or deny the application. (See § 35134.) In this situation, we find that the applicant and his or her representative, like members of the public, have no right to be heard, to observe, or to otherwise participate during the board's deliberations. (Bollinger v. San Diego Civil Service Comm., supra,
71 Cal.App.4th at pp. 574-575; Furtado v. Sierra Community College
(1998) 68 Cal.App.4th 876, 882-883; see also 80 Ops.Cal.Atty.Gen., supra, at pp. 310-311.)
We think it important to note that, under the Brown Act, a local legislative body may not conduct a "semi-closed" session. That is, a legislative body may not permit some members of the public to attend a meeting while excluding others. In 86 Ops.Cal.Atty.Gen. 210, 215 (2003), we recently summarized our prior opinions regarding the holding of a "semi-closed" session: "The general rule is that closed-session access is permitted only to people who have `an official or essential role to play' in the closed meeting. [Citations.]" (See also 83 Ops.Cal.Atty.Gen. 221, 223-225 (2000); 82 Ops.Cal.Atty.Gen. 29, 33 (1999); 80 Ops.Cal.Atty.Gen., supra, at p. 311; 46 Ops.Cal.Atty.Gen. 34, 35 (1965).)
Here, the retirement board may permit an applicant and his or her representative to participate as an "interested party" or "advocate" if the board believes that they would have "an official or essential role to play in the closed session" (86 Ops.Cal.Atty.Gen., supra, at p. 215); in such circumstances, the applicant and representative would not be attending the closed session as members of the general public. We addressed a similar situation in 80 Ops.Cal.Atty.Gen. 308, supra, where candidates for the position of school district superintendent were interviewed in closed session. We stated:
 "Hence, the council's sessions held to interview candidates for the office of district superintendent and to arrive at a recommendation for the board come within the closed session provisions of section 54957. This conclusion is not inconsistent with our conclusion in 46 Ops.Cal.Atty.Gen. 34 (1965), in which we determined that a closed session may not be held where selected members of the public are allowed to attend. (Id., at p. 35.) In the matter presently considered, no `members of the public' will be in attendance, only members of the legislative body itself and the candidates for the office of district superintendent." (Id. at p. 311, fn. omitted.)
We further noted in our 1997 opinion:
 "It may also be observed, for example, that witnesses may attend closed sessions to present factual information to the legislative body; they would not be present as `members of the public' but rather as percipient witnesses." (Id. at p. 311, fn. 5.)
Similarly, here, a county retirement board may consider that the attendance of the applicant and his or her representative at the closed session would be essential for a determination on the merits of the disability retirement application. No "members of the public" would be present in this situation, and the meeting would therefore not become an impermissible "semi-closed" session.
We conclude that a county retirement board may permit an applicant for a disability retirement and his or her representative to attend a closed session at which the employee's medical records are discussed and evaluated.
[1] All references hereafter to the Government Code are by section number only.
[2] We note that a hearing officer or referee would not be a "legislative body" within the meaning of section 54953, and therefore the evidentiary hearing before the hearing officer or referee would not be subject to the Brown Act's requirements. (See Wilson v. San Francisco Mun. Ry. (1973) 29 Cal.App.3d 870,876-880; see also Henderson v. Board of Educ. (1978)78 Cal.App.3d 875, 880-883.)
[3] By filing the application, the employee has not waived any privacy rights with respect to the medical records. (See, e.g.,Britt v. Superior Court (1978) 20 Cal.3d 844, 859
[constitutional right to privacy not waived by filing injury claim, except to extent necessary to process or adjudicate claim].)