[No. A119660. First Dist., Div. Four. Sept. 30, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE BAEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.B.

198

## COUNSEL

Audrey R. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RUVOLO, P. J.**—There are several instances where the law punishes more harshly an accused who has another conviction for a separate offense than an accused who has none. The three strikes law is one example. (Pen. Code, § 667.) Petty theft with a prior is another. (Pen. Code, § 666.) Vehicle Code[1] sections 23152, 23550, and 23550.5 constitute yet another. Normally, driving under the influence of alcohol or drugs is a misdemeanor. (§ 23152, subds. (a), (b).) However, driving under the influence (DUI) may be charged as a felony depending on whether the accused has a prior conviction for vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subds. (a), (b); Veh. Code, § 23550.5, subd. (b)), has been convicted within the last 10 years of a specified prior violation that was punished as a felony (§ 23550.5, subd. (a)(1)–(3)), or has been previously convicted within the last 10 years of three or more separate DUI violations (§ 23550, subd. (a)).

██ In this case, we are asked to determine what happens when an accused is charged with DUI (§ 23152) and *subsequently* commits vehicular

---

[1] All further undesignated statutory references are to the Vehicle Code.

manslaughter while intoxicated[2] (Pen. Code, § 191.5, subds. (a), (b)), which results in a felony conviction *before* the DUI (§ 23152) is adjudicated. Does the enhanced penalty still apply when the prior conviction for vehicular manslaughter while intoxicated arises from conduct occurring *after* the commission of the present offense?

We conclude the Legislature intended to subject offenders who commit vehicular manslaughter while intoxicated to enhanced penalties in connection with other DUI convictions regardless of the timing of the underlying conduct. Accordingly, we affirm.

## I. BACKGROUND

On March 21, 2006, defendant was arrested for DUI (March 2006 DUI). On April 13, 2006, a two-count misdemeanor complaint was filed, charging defendant with DUI (§ 23152, subd. (a)); and driving a vehicle while having 0.08 percent or more alcohol in his bloodstream (§ 23152, subd. (b)). The complaint also alleged that defendant had a prior section 23152, subdivision (a) conviction that occurred in September 2004, stemming from an offense that occurred on or about February 9, 2004. Defendant appeared at the misdemeanor arraignment held on April 27, 2006. The case was continued to August 7, 2006.

In the meantime, defendant was arrested for DUI and vehicular manslaughter while intoxicated (Pen. Code, § 192, former subd. (c)(3)) on May 2, 2006 (May 2006 Manslaughter DUI), less than one week after his misdemeanor arraignment for the March 2006 DUI. On November 13, 2006, defendant was convicted of all charges arising from the May 2006 Manslaughter DUI.

Following the adjudication of the May 2006 Manslaughter DUI, the original misdemeanor complaint relating to the March 2006 DUI was amended to charge counts 1 and 2 as felonies *solely based on subdivision (b) of section 23550.5,* which provides for felony punishment for violating section 23152 or 23153 following a conviction for vehicular manslaughter while intoxicated. The amended information also charged defendant with the misdemeanor offenses of DUI (§ 23152, subd. (a) [count 3]), driving with a blood-alcohol level of 0.08 percent or more (§ 23152, subd. (b) [count 4]), and driving with a suspended license (§ 14601.1, subd. (a) [count 5]). Prior convictions were also alleged under Penal Code section 1203, subdivision (e)(4).

---

[2] Defendant herein was convicted of violating Penal Code section 192, former subdivision (c)(3), which is now described in Penal Code section 191.5, subdivision (a), as amended in 2006. (See Stats. 2006, ch. 91, §§ 1–2; see also 2 Witkin & Epstein, Cal. Criminal Law (2008 supp.) Crimes Against Public Peace and Welfare, § 222, pp. 255–256.)

On July 3, 2007, defendant pleaded no contest to count 5. On July 6, 2007, a jury convicted defendant of DUI of alcohol (count 1) and driving with a blood-alcohol level of 0.08 percent or more (count 2). On July 9, 2007, defendant admitted the prior charged convictions.

On October 11, 2007, the trial court sentenced defendant to the midterm of two years for count 1. The trial court also imposed a midterm sentence of two years for count 2. However, pursuant to Penal Code section 654, the trial court stayed the sentence on count 2. The alleged prior convictions were stricken in the interest of justice.

## II. DISCUSSION

### A. Construction of Section 23550.5

■ "The court's role in construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.] In determining the Legislature's intent, a court looks first to the words of the statute. [Citation.] '[I]t is the language of the statute itself that has successfully braved the legislative gauntlet.' [Citation.]" (*People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808] (*Snook*).) "The statutory language ' "has been lobbied for, lobbied against, studied, proposed, drafted, restudied, redrafted, voted on in committee, amended, reamended, analyzed, reanalyzed, voted on by two houses of the Legislature, sent to a conference committee, and, after perhaps more lobbying, debate and analysis, finally signed 'into law' by the Governor. The same care and scrutiny does not befall the committee reports, caucus analyses, authors' statements, legislative counsel digests and other documents which make up a statute's 'legislative history.' " ' [Citation.]" (*Cinquegrani v. Department of Motor Vehicles* (2008) 163 Cal.App.4th 741, 746 [77 Cal.Rptr.3d 816].)

■ "When looking to the words of the statute, a court gives the language its usual, ordinary meaning. [Citations.] If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs. [Citations.]" (*Snook, supra,* 16 Cal.4th at p. 1215.)

In relevant part, section 23550.5 provides: "(a) A person is guilty of a public offense, punishable by imprisonment in the state prison or confinement in a county jail for not more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000) if that person is convicted of a violation of Section 23152 or 23153, and the offense occurred within 10 years of any of the following: [¶] (1) A prior violation of Section 23152 that was punished as a felony under Section 23550

or this section, or both, or under former Section 23175 or former Section 23175.5, or both. [¶] (2) A prior violation of Section 23153 that was punished as a felony. [¶] (3) A prior violation of paragraph (1) of subdivision (c) of Section 192 of the Penal Code that was punished as a felony. [¶] (b) Each person who, having *previously been convicted* of a violation of subdivision (a) of Section 191.5 of the Penal Code, a felony violation of subdivision (b) of Section 191.5, or a violation of subdivision (a) of Section 192.5 of the Penal Code, is *subsequently convicted* of a violation of Section 23152 or 23153 is guilty of a public offense punishable by imprisonment in the state prison or confinement in a county jail for not more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000)." (Italics added.)

■ Section 23550.5, subdivision (b) does not require the commission of the May 2006 Manslaughter DUI offense to precede the commission of the March 2006 DUI offenses. By its terms, the statute requires only that a DUI *conviction* occur subsequent to a conviction of vehicular manslaughter while intoxicated. Tellingly, the statute does not require the prior conviction be based on a *prior violation.* ■ " 'It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.' " (*Grubb & Ellis Co. v. Bello* (1993) 19 Cal.App.4th 231, 240 [23 Cal.Rptr.2d 281].) To illustrate, the Legislature included the requirement of a "prior violation" in subdivision (a) of section 23550.5 regarding felony convictions for DUI (§§ 23152, 23153) and vehicular manslaughter with gross negligence (Pen. Code, § 192, subd. (c)(1)). However, the Legislature did not impose this requirement when enhancing the punishment for vehicular manslaughter while intoxicated under subdivision (b) of section 23550.5. We note that the Legislature has not been hesitant about specifying a "prior offense" or a "prior violation" in other contexts, including other provisions under the DUI penalty enhancement scheme. (See, e.g., §§ 23217, 23575, subd. (a)(1), 23594, subd. (a); see also §§ 13355, subd. (a), 14601, subd. (b)(2), 14601.1, subd. (a), 32053, subd. (b)(3); Pen. Code, §§ 186.22, subd. (e), 667.5, subd. (a); Harb. & Nav. Code, § 655.6, subd. (d); Bus. & Prof. Code, § 19582, subd. (a)(2); Ed. Code, § 17250.25, subd. (b)(1)(I); Fish & G. Code, § 12002.4, subd. (b).) Having done so repeatedly in other contexts, the silence in subdivision (b) of section 23550.5, regarding the need for a prior violation of vehicular manslaughter while intoxicated, evinces the legislative intent that no such prior conduct is required.

■ Finally, we observe that the statute, by its terms, enhances a DUI penalty if the conviction for that offense follows a conviction for vehicular manslaughter while intoxicated. It would seem that if the Legislature had intended to impose the enhancement only where there was prior conduct resulting in a conviction for vehicular manslaughter while intoxicated, it

would have specified the temporal parameters of the conduct by stating "previously been convicted of a prior violation," or words to that effect.

■ "If the statutory language is clear and unambiguous, the provision should be applied according to its terms without further judicial construction so long as the literal meaning is in accord with the purpose of the statute. [Citation.]" (*Snook, supra*, 16 Cal.4th at pp. 1216–1217.)

Tracing the evolution of section 23550.5 reveals that in enacting and amending the language of subdivision (b) of section 23550.5 the Legislature quite plainly "meant what it said." (*Snook, supra*, 16 Cal.4th at p. 1215.) For example, former section 23175.5, which is the predecessor of section 23550.5, was enacted in 1997 by Assembly Bill No. 130 (1997–1998 Reg. Sess.). As originally introduced, the bill used the words "separate violations," the same language contained in former section 23175 (current § 23550). (Assem. Bill No. 130 (1997–1998 Reg. Sess.) as introduced Jan. 15, 1997.) The bill was thereafter amended to substitute the words "prior violation" for "separate violation." (Legis. Counsel's Dig., Assem. Bill No. 130 (1997–1998 Reg. Sess.) as amended Mar. 3, 1997.) As so amended, the statute's new language would seemingly have required a sequential relationship between the qualifying offenses.

However, section 23550.5 was again amended in 2001 to add subdivision (b), which was intended to eliminate the 10-year washout period (cf. § 23550.5, subd. (a)) with respect to prior vehicular manslaughter while intoxicated convictions (Pen. Code, § 192, former subd. (c)(3)). (Stats. 2001, ch. 849, § 1; Assem. Bill No. 1078 (2001–2002 Reg. Sess.).) In adding subdivision (b), the Legislature used the words "having been previously convicted of" instead of employing the "prior violation" language used in subdivision (a). This distinction bolsters our conclusion that the Legislature intended to subject offenders who commit vehicular manslaughter while intoxicated to enhanced penalties in connection with other DUI convictions regardless of the timing of the underlying conduct.

Defendant argues nonetheless that the penalty enhancement cannot be imposed for conduct occurring after commission of the present crime. He relies on cases applying the traditional habitual offender approach, which are premised on *subsequent* conduct. (See *People v. Rojas* (1988) 206 Cal.App.3d 795 [253 Cal.Rptr. 786] [sentence for first degree burglary conviction not subject to prior felony enhancement for conviction arising from conduct occurring after commission of present crime]; *People v. Shivers* (1986) 181 Cal.App.3d 847 [226 Cal.Rptr. 293] [sentence for first degree murder could

not be enhanced for offense committed after the date of the offense for which he was being sentenced].) However, under the DUI penalty enhancement scheme to which section 23550.5 belongs, the Legislature made a purposeful departure from the traditional approach taken in habitual offender statutes. (See *Snook, supra,* 16 Cal.4th at p. 1218; see also *People v. Rojas, supra,* 206 Cal.App.3d at p. 790.)

The Supreme Court had occasion to consider the DUI penalty scheme in *Snook.* In *Snook,* the defendant argued that he was not subject to an enhanced penalty pursuant to former section 23175 (now § 23550) because the three misdemeanor DUI convictions that made him eligible for felony prosecution occurred after the offense sought to be prosecuted as a felony. The Supreme Court held that the enhanced penalty was applicable regardless of the order in which the offenses were committed and the convictions obtained. (*Snook, supra,* 16 Cal.4th at p. 1213.)

In reaching this conclusion, the court extensively discussed the 1984 legislative changes in the statutory scheme for recidivist drunk drivers. By substituting the words "separate violations" for the words "prior offenses" in former section 23175, the court explained, the Legislature sought to ensure that a person be subject to enhanced mandatory minimum penalties for multiple offenses within a period of seven years, regardless of whether the convictions were obtained in the same sequence as the offenses had been committed. These amendments sought to close the loophole that allowed some repeat offenders to avoid enhanced punishment by "pleading guilty to the second, third and fourth offenses before going to trial on the first offense." (*Snook, supra,* 16 Cal.4th at p. 1220.)

■ Viewed in light of the DUI sentencing scheme as a whole, as described by the Supreme Court in *Snook,* the absence of the word "prior" in connection with the triggering offense in subdivision (b) of section 23550.5 has a particular meaning. It signifies that a conviction for vehicular man-slaughter while intoxicated will result in an enhanced penalty for another DUI offense regardless of the timing of the underlying conduct.

## B. Sentencing[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante,* page 197.

## III. DISPOSITION

The judgment is affirmed.

Sepulveda, J., and Rivera, J., concurred.

A petition for a rehearing was denied October 22, 2008, and appellant's petition for review by the Supreme Court was denied December 23, 2008, S168102. Werdegar, J., did not participate therein.